20 221
74 255
77 575
20 221
83 472

## D. Messner v. William Lewis and Others.

Where the partners in two firms are the same, they may join causes of action in favor of the one with causes of action in favor of the other, in one action.

Where a bond for attachment was signed with the partnership name of the plaintiffs "per William Stuart," on a motion to quash the attachment because the partnership name was signed instead of the names of the individual members of the firm, it was held that it was not necessary for the bond to be signed by the plaintiffs, at all, under the statute, but that it might be signed by his agent or attorney, describing himself as such or not.

Where the affidavit for attachment was made by Wm. Stuart, and recited that he was the agent of the plaintiffs, and was signed with the partnership name of

the plaintiffs, "per Wm. Stuart," and by said Stuart, and two others as sureties, and the bond was approved by the Clerk, (the signature of the partnership name being treated as invalid,) it was held, on a motion to quash, that the bond purported to be executed by the agent or attorney of the plaintiffs; and that if the defendant would question the authority of the agent or attorney, he must do it by plea in abatement.

As a general proposition every Court may allow amendments of returns upon its process, and the statute affirms the general principle. (Hart. Dig. Art. 681.)

It is not sufficient in making a return of the levy of an attachment, to describe the property as "a stock of goods, wares and merchandise" appraised at so much, and claimed by a third person who has given bond to try the title. The return should, as nearly as it can reasonably be done, give a specific description of the articles attached, either in the body of the return, or in a schedule or inventory annexed to or accompanying it.

For the purpose of executing an attachment the officer may enter the store of a third person, where the goods of the defendant are, and may remain there long enough to seize, secure and inventory the goods.

The overruling of a motion to quash an attachment or return thereof, will be revised on appeal or error, after final judgment, on the merits in favor of the plaintiff; such motion is not addressed to the discretion merely of the Court below; nor does the defendant waive such revision by pleading to the merits.

Error from Washington.    Tried below before the Hon. R. E. B. Baylor.

Suit by William Lewis, Caleb C. Garthwaite and William Grant, merchants, partners trading in New York in the State of New York under the name of Lewis, Garthwaite & Co., and in New Orleans in the State of Louisiana under the name of Grant, Lewis & Co., against D. Messner, on three promissory notes, one payable to Lewis, Garthwaite & Co., and the other two to Grant, Lewis & Co. There was an attachment. The bond for attachment was signed with each partnership name "per Wm. Stuart," and by three sureties, one of whom was Wm. Stuart, and was approved by the Clerk. The bond did not describe Stuart as agent for the plaintiffs, otherwise than by the signature "per Wm. Stuart;" but the affidavit was made by him as their agent. An attachment was issued to Washington, and another to Bastrop. The latter was returned as follows: Levied on and attached a stock of goods, wares and merchandise, as the property of D. Messner, assessed at the value of $2319 19. By leave of the Court this return was amended by the Sheriff, so as to read as follows: Levied this attachment on a stock of goods, wares and merchandise in the town of Bastrop, Texas, which said goods,

wares and merchandise are seized and attached as the property of D. Messner, and the value of said goods, wares and merchandise is assessed by me at the sum of twenty-three hundred and nineteen $\frac{19}{100}$ dollars. This levy made in presence of Joseph C. Sims, a credible witness, on this 24th day of March, 1855." It appeared also, that the property so levied on, had been claimed by a third party who gave bond to try the right. Defendant answered, and moved to quash the attachment and returns for causes which appear in the Opinion. Motion overruled. The answer contained a demurrer on the ground of misjoinder. Demurrer overruled; judgment for plaintiffs, &c.

*J. D. & D. C. Giddings,* for plaintiff in error. I. If the Court should hold the action to be brought in the individual names of the members of the firm, and not in the firm names jointly, then the attachment must fail for want of a bond. If the action be held to be in the firm names, the contracts and undertakings of the defendant are separate and not joint, and the demurrer should have been sustained. (Collyer on Part. 635, 676 ; Drake v. Brander, 8 Tex. R. 351.)

II. William Stuart had no authority to sign the firm names, and he does not even sign as agent ; on this ground, also, the motion to quash the attachment should have been sustained. It will be seen that there is a material distinction between this case and that of Messner v. Hutchins, decided at a former Term, on the questions raised on the motion to quash. There the bond was given by plaintiff, and the power of attorney was produced.

III. The amendment of the return from Bastrop was not regularly made, and was without authority of law. There was nothing in the return to amend by, and no affidavit or evidence to show what was the fact. (Drake on Attach. Sec. 214.) The statutory provision for amendment of returns does not apply to the extraordinary writ of attachment.

IV. But the return, as amended, is defective and insufficient; it does not describe the property levied on. (Hart. Dig. Art. 32.)

*A. M. Lewis,* also for plaintiff in error, cited Messner v. Hutchins, 17 Tex. R. ; Bryan v. Bridge, 6 Id. 137 ; Portis v. Parker, 8 Id. 23, to the point that the levy was insufficient in that the officer failed to take possession.

*G. W. Horton* and *J. E. Shepard,* for defendants in error.

I. The case presented in the record is, in most of its particulars, identical with the case of Messner v. Hutchins, decided at last Term; that is, so far as the two cases relate to the attachments issued in them. The only difference in the two cases is, 1st. The demurrer to plaintiff's petition in the case now under consideration; and 2d. In the questions arising on the amended return of the Sheriff of Bastrop county, on the attachment levied by him.

II. It is not deemed necessary to argue the question on the defendant's demurrer or exceptions to the petition of the plaintiffs.

III. As to the motions to quash the attachment and return thereon, issued to Bastrop county, the question is submitted, whether this Court, sitting as an appellate Court, will proceed to revise the action of the Court below on the motion to quash the attachment and returns. It has been decided by a learned Court, "that a motion to quash an attachment is addressed to the discretion of the Court, and its action will not be controlled by mandamus, or reviewed in an appellate Court." (See Massey v. Walker, 8 Ala. R. 167 ; *Ex parte* Putnam, 20 Id. 592.)

Where a motion is made to dissolve an attachment, and the same is overruled, no advantage can be taken of the error after plea filed. (See Schlotten v. Hunt, 1 Missouri R. 461; Marshall & McLeod v. White, 8 Porter's Ala. R. 531; Cane v. Mathews, 3 Id. 224.) These cases appear conclusive of the point.

IV. The amended return by the Sheriff of Bastrop is full and ample, showing that everything was done in accordance with the law.

WHEELER, J. It is no objection to the petition, that the plaintiffs join in their suit several demands for debts contracted with them by the defendant in different firm names. They sue in their individual, not in their partnership names; and as the same persons were the parties to the several contracts, it is quite immaterial by what, or how many different names they may have transacted their business : they are still the same contracting parties, and the proper parties to bring suit upon their contracts, under whatever names contracted.

The only remaining objection to the judgment, which requires notice, is to the overruling of the motion to quash the attachment, and set aside the return thereon. In support of the mo-

tion to quash or dissolve the attachment, it is insisted that the bond is insufficient, on two grounds ; first, that it is executed by the plaintiffs in their firm name ; second, that the authority of the attorney to sign does not appear. As to the first ground it is to be observed, that it was not necessary that the bond should be executed by the party. The provision of the statute is that " the plaintiff, his agent or attorney" shall give bond, &c. (Hart. Dig. Art. 26.) Under similar statutes it is held that the attorney may sign the bond in his own name, either describing himself as agent or not at his discretion ; and it will be a compliance with the statute. In that case the agent, of course, will be responsible under the bond, and not the principal. (Drake on Attachments, p. 135, Sec. 134, and cases cited.)

The remaining ground of the motion to quash the attachment is answered by the cases of Messner v. Hutchins (17 Tex. R. 597,) and Wright v. Smith (Tyler Session, 1857,) where it was decided that on a motion to quash an attachment, the authority of the attorney who signed the bond will be presumed; if it is intended to question his authority it must be done by a plea to that effect. And it is for this obvious reason, that the motion is based on defects apparent on the face of the proceedings, and nothing will be considered but what is thus apparent. If there be any intrinsic defect in the proceedings, not discernible on their face, it cannot be brought before the Court by motion. It is not the office of the motion, any more than it is the office of a demurrer, to bring before the Court matters *aliunde* ; that must be done by plea.

The assignment of error brings in question the sufficiency of the return upon the writ issued to Bastrop county. To this return it is objected that it was not properly amended, and that, as amended, it is still insufficient. As to the first objection, we are of opinion that it was within the discretion of the Court, and a proper exercise of its discretion, to permit the amendment. As a general proposition every Court may allow amendments of returns upon its process; and the statute affirms the general principle. (Hart. Dig. Art. 681 ; Drake on Attachments, 203, Sec. 202.)

But as to the sufficiency of the return, as amended, there is more question. The only description it gives of the property attached is, that it is " a stock of goods, wares and merchandise." This, we think, was not sufficient. On general principles, independent of any statutory regulation, the officer is bound to give,

as nearly as it can reasonably be done, in his return, or in a schedule or inventory annexed thereto, or accompanying the return, a specific description of the articles attached. For the purpose of executing the writ, the officer may enter the store of a third person where the goods of the defendant are, and may remain there long enough to seize, secure and inventory the goods. (Drake on Att. p. 199, Sec. 198, 191.) There can be no excuse for a failure to execute the writ in such a manner as to render the goods attached capable of being identified, and the return should show that it was so executed. In the language of the Court in Haynes v. Small, (22 Maine, 14,) "Officers ought to know what they attach, and to be holden to exactness and precision in making their returns. Neither the debtor nor the creditor would be safe if it were otherwise."

We are of opinion that the return upon the writ to Bastrop was insufficient, and that the Court erred in refusing to quash or set it aside ; for which the judgment will be in so far reversed ; in all other respects it is affirmed.

Ordered accordingly.