### C. M. HOLDEN v. MEYER & BUETE.

(No. 1413, Op. Book No. 2, p. 702.)

APPEAL from Aransas County. Opinion by HURT, J.

§ 829. *Attachment; petition in, need not contain prayer for.* In an attachment suit it is not necessary that the pleadings of the plaintiff should contain a prayer asking for the issuance of the writ. When the proper affidavit is made and the bond given, it is the duty of the clerk to issue the writ, whether the writ is prayed for in terms or not.

§ 830. *Same; bond signed in name of firm by agent.* The attachment bond was signed "Meyer & Buete, *per* C. Tandy," omitting to state that Tandy executed the same as agent for plaintiffs in attachment. *Held,* that this was sufficient. This precise point was determined in Messner v. Lewis, 20 Tex. 221.

§ 831. *Same; petition in, need not be sworn to.* Article 138, Pas. Dig., requiring the petition in an attachment suit, etc., to be sworn to, is no longer in force, having been repealed by the Revised Statutes. Hence, if the facts which authorize the issuance of the writ be properly stated in an affidavit, it is no objection to the validity of the proceeding that the petition has not been sworn to.

§ 832. *Verdict; sufficiently certain when, etc.* The plaintiffs sued upon two accepted drafts. The defendant pleaded in reconvention for damages. The verdict of the jury was: "We, the jury, find for the plaintiff for the full amount of the notes, with lawful interest thereon, and we, the jury, further find no damages for the defendant." *Held,* that this verdict was sufficiently certain. That is certain which can be reduced to a certainty. The evident intention of the jury was to find for the plaintiffs the full amount of principal and interest due on the drafts sued upon, and this amount could be certainly as-

certained by reference to the drafts themselves. The verdict also disposed of the defendant's plea in reconvention.

February 10, 1883.                          Affirmed.