STROUD, executrix, *v.* HANCOCK, sheriff.

When in defense to the foreclosure of a chattel mortgage the defendant files a counter-affidavit and gives a bond intended to be such as the statute requires in such cases, and thereupon the papers are returned to court and the issue thus formed tried upon its merits, the parties treating the bond as being in conformity to the statute :  *Held*, that after judgment against the defendant, the surety on such bond, though the same be really only a forthcoming bond payable to the levying officer and conditioned for the delivery of the prop-

erty at the time and place of sale, will not be heard to set up, in defense to an action by the officer on the bond, that no demand or notice to produce the property had been given, or that no levy had been in fact made, or that there was really no such property in existence belonging to the defendant in execution as that described in the levy or in the bond.

Argued July 2, — Decided August 9, 1902.

Action on bond.　　Before Judge Felton.　　Crawford superior court.　　October 22, 1901.

*W. J. Wallace* and *H. A. Mathews*, for plaintiff in error.
*Hardeman, Davis, Turner & Jones*, contra.

FISH, J.　Jack Hancock, sheriff of Crawford county, brought suit against Mrs. Stroud, widow and executrix of J. W. Stroud, making by his petition substantially the following case: In October, 1897, Napier Brothers foreclosed in the superior court of Pike county a mortgage on personalty against A. G. Simmons, and petitioner as sheriff duly levied on the property in Crawford county. Simmons filed an affidavit of illegality to the mortgage foreclosure, and gave a bond for the forthcoming of the property, signed by himself as principal and J. W. Stroud as surety.　On the trial of the issue formed on the affidavit, the illegality was dismissed and judgment was rendered in favor of Napier Brothers for damages. The property was then duly advertised for sale, in the paper in which the sheriff's advertisements are published, and when the day of sale arrived the sheriff, during the legal hours and at the legal place of sale, called for the property, and it was not forthcoming. By reason of the breach of the forthcoming bond, petitioner was damaged in a named sum, for which he prayed judgment.　To this petition the defendant filed a general demurrer, which was overruled.　She also filed a plea, in which she averred that for want of sufficient information she was unable to either admit or deny the allegations of the petition with reference to the foreclosure of the mortgage and the filing and trial of the affidavit of illegality, but denied that any levy had ever been made upon the property described in the petition, and claimed that she, as executrix of her husband, had never been notified to produce the property at the time and place of sale, and had no notice that J. W. Stroud had ever signed such a bond as the one sued on until after his death and long after the time when the property was advertised for sale. The sixth paragraph of the petition averred "that it was impossi-

ble for J. W. Stroud to produce said property at [the] time and place of sale, as J. W. Stroud was dead, and it was also impossible for her to produce said property, not having received any notice to produce same on said first Tuesday in November, 1898; . . that the property mortgaged to Napier Bros. by A. G. Simmons, and which it is alleged in plaintiff's petition was levied on by Jack Hancock, sheriff, was not the property of said A. G. Simmons; that at the time of the execution of said mortgage, A. G. Simmons did not own the property mortgaged to Napier Bros., nor did A. G. Simmons own any such property at the time it is alleged said mortgage was foreclosed; . . that it was impossible for her to produce said property, as she is informed that no such property as is described in said bond was ever in existence, that A. G. Simmons never did own any such property, and that Jack Hancock, sheriff, never did levy upon or seize any such property as is described in said bond; . . that when said mortgage fi. fa. . . was placed in the hands of . . Hancock, sheriff, he . . turned said fi. fa. over to W. J. P. Lowe, deputy-sheriff; that when said deputy-sheriff went to make said levy . . he was informed . . that A. G. Simmons did not own any such property as set forth in said mortgage fi. fa., and for this reason said deputy-sheriff did not make levy; that on the following morning A. G. Simmons came into Knoxville and went to Hancock, sheriff, and told him that he would admit or acknowledge levy, whereupon . . Hancock, sheriff, made entry of levy on [the] fi. fa.; that at the time J. W. Stroud signed said bond . . Hancock, sheriff, well knew that no legal levy had been made on the property set out in said bond, and well knew also that the recital in said bond to the effect that said property had been levied upon by him was not true in fact; that it was the duty of . . Hancock, sheriff, to put said J. W. Stroud on notice as to the truth or falsity of said bond, and which he failed to do. She therefore says that [neither] said J. W. Stroud nor she as his executrix is liable for any breach of said bond, . . Hancock, sheriff, being primarily liable to the plaintiff; . . that inducing or standing by and allowing . . Stroud to sign said bond when the said sheriff knew that the recitals therein were false was a moral fraud upon ·. . Stroud, and [neither] he nor his representatives should be held liable for any breach of said bond."

To this plea the plaintiff demurred, on the ground that no suffi-

cient reason was given for the failure of the defendant to either admit or deny the allegations of the petition as to the foreclosure of the mortgage and the filing and trial of the affidavit of illegality, these being matters of record accessible to the defendant; and on the further grounds that the answer was not good as a plea of non est factum, and was not responsive to the allegations of the petition. To paragraph 6 of the answer he demurred, "because the same sets forth no defense to said petition, and because said defendant is estopped from denying the levy or ownership of said property, by the bond sued upon." This demurrer was sustained, and every paragraph of the plea except two, which were unimportant, was stricken. The defendant then offered the following amendment to her plea: "Defendant avers that the property described in the entry of levy by the sheriff, and set out in the alleged bond, . . is not, and was not at the time of the alleged levy, the property of the defendant in fi. fa., A. G. Simmons, and was not subject to the fi. fa. in [the] hands of the sheriff in favor of Napier Bros., and, in consequence of this material fact, no damage has been suffered by the said Jack Hancock, sheriff, on account of the alleged breach of the bond." The plaintiff filed a general demurrer to this amendment, which was sustained, and the amendment was stricken. The bill of exceptions recites that, "there being no issue raised by the pleas of the defendant as to the amount of the mortgage fi. fa. in favor of Napier Bros., to which A. G. Simmons interposed an illegality, or as to the value of the property described in the entry of levy by the sheriff, the plaintiff only introduced the fi. fa., the judgment of the superior court of Pike county for damages; . . and there being no issue for the jury to pass on, . . the plaintiff's attorney made out and submitted a calculation for the jury, based on the mortgage fi. fa. and the judgment for damages in Pike superior court, and the jury . . found accordingly." Before this was done, however, the defendant made a motion for a nonsuit, which was denied. The defendant excepts to the overruling of her demurrer to the petition, to the sustaining of the plaintiff's demurrers to her plea and amendment, and to the refusal of the court to grant a nonsuit.

The only question which we feel called upon to decide is that of the legal sufficiency of those portions of the plea and the amendment thereto which were stricken on demurrer, for the correctness

of the rulings of the trial court on the demurrer to the petition and on the motion for nonsuit are necessarily involved in the decision of that question. It is evident that the bond sued upon is not such a bond as is contemplated by the Civil Code, § 2766, as the accompaniment of an affidavit of illegality to the levy of a mortgage fi. fa. That section provides for a bond payable to the plaintiff in fi. fa., "who may sue thereon for condition broken," conditioned for the return of the property when called for by the levying officer. The bond given in the present case was an ordinary forthcoming bond, payable to the sheriff, and conditioned for the return of the property at the time and place of sale. The right of the sheriff to recover on such a bond, however, is clearly determined by the sweeping provision of the Civil Code, § 5436, which declares: "All bonds taken by the sheriffs or other executing officers, from the defendants in execution, for the delivery of property (on the day of sale or any other time) which they may have levied on by virtue of any fi. fa., or other legal process from any court, shall be good and valid in law, and recoverable in any court in this State having jurisdiction thereof." The question then arises, is the surety on an irregular bond like the one now under consideration estopped by its recitals to deny the existence of the mortgaged property or the circumstance of the levy? Estoppels are not favored, and to support one of this character it must appear that some benefit has been received by the party estopped, or some injury done to the party in whose favor the estoppel is invoked, which would render it unconscionable for the party estopped to deny the act or circumstance sought to be overcome. It must be borne in mind that while the bond sued on in this case was not the instrument provided for by the Civil Code, § 2766, it was so treated by both the plaintiff and the defendant in fi. fa., and stood, for all practical purposes, in lieu of such a bond. By means of it, whether there was ever a levy upon the property or not, the progress of the execution was stayed, and the defendant therein was enabled to interpose a defense to the foreclosure of the mortgage. As, by reason of the acceptance of this bond by the sheriff, the defendant in fi. fa. acquired a definite and substantial benefit, he would be estopped to deny the recitals therein in reference to the levy and the existence of the property. *Cohen* v. *Broughton*, 54 *Ga.* 296; *Scolly* v. *Butler*, 59 *Ga.* 849; *Smith* v. *Camp*, 84 *Ga.* 117 (7). As Simmons, the principal in the

bond, would be estopped, there can be no doubt that Stroud, his surety and privy in contract, would be likewise estopped.

It is not intended by the foregoing to hold that there was any legal obstacle to Mrs. Stroud's setting up fraud on the part of the sheriff in procuring the signature of her husband to the bond sued on. She seems to have attempted in her plea to make this defense, but the charges of fraud were not sufficiently clear and distinct to save the answer from the effects of a demurrer. Something more than the mere silence of the sheriff was necessary, under the averments of the plea, to constitute fraud on his part. There appears to have been nothing to make it to his interest that the bond should be given, and there is not even an averment in the plea that the surety on the bond did not know as well as the sheriff, or did not have equal means with the sheriff of knowing the real facts in regard to the levy of the mortgage fi. fa. It is not made to appear that that officer was under any duty, legal or moral, to inform the surety of the true situation, and under such circumstances, of course, his mere silence could not constitute fraud.

We deem it unnecessary to discuss the point made by the plaintiff in error that she received from the sheriff no demand or notice to produce the property at the time and place of sale. We are not aware of any law in this State which requires, or even provides for, such demand upon or notice to either principal or surety on a forthcoming bond. The point is not argued in the brief of counsel for the plaintiff in error, and will therefore be treated as having been abandoned.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*