WELLS v. CLOUD. (No. 837.)

(Court of Civil Appeals of Texas. El Paso. March 21, 1918.)

1. ATTACHMENT ⊘⥸176—EVIDENCE—ADMISSIBILITY—TITLE TO PROPERTY.

In an attachment suit, wherein an automobile was levied on as the property of defendant, who retained possession of it by giving a replevy bond, defendant cannot prove that it belonged to a firm composed of defendant and another, and that the attachment was therefore invalid because not made as prescribed by Rev. St. art. 3743, regulating a levy on a partner's interest.

2. ATTACHMENT ⊘⥸339 — REPLEVY BOND — JUDGMENT AGAINST SURETIES.

In an attachment suit there was no error in rendering judgment against the sureties on the replevy bond for the value of an automobile as estimated by the sheriff when the bond was given, together with interest, as such judgment is plainly authorized by Rev. St. art. 269, providing that judgment shall be against defendant and his sureties on his replevy bond for the amount of the judgment, interest, and costs, or for the value of the property replevied and interest according to the terms of the bond.

3. ATTACHMENT ⊘⥸339 — REPLEVY BOND — JUDGMENT AGAINST SURETIES.

In rendering judgment against the sureties on a replevy bond for the value of an attached automobile, there was no necessity for the court to make a finding as to its value, as pursuant to Rev. St. art. 258, the amount of the bond is based on its value as estimated by the officer who takes the bond.

4. APPEAL AND ERROR ⊘⥸1010(1)—REVIEW—FINDINGS OF FACT.

A finding of fact by the trial court cannot be set aside on appeal, where there is ample evidence to sustain it.

Appeal from El Paso County Court; W. P. Brady, Judge.

Suit by H. D. Cloud against E. C. Wells, on a judgment aided by attachment. Judgment was rendered against defendant Wells and against his sureties on a replevy bond, and he appeals. Affirmed.

Nichols & Robinson, of El Paso, for appellant. Frank Judkins and D. W. Burkhalter, both of El Paso, for appellee.

Statement of Case.

HIGGINS, J. Cloud recovered a judgment in Oklahoma against Wells for $407.75, with interest and costs. Upon this judgment suit was brought in El Paso county. Writ of attachment was issued and executed by the sheriff of El Paso county by levying upon and seizing an automobile as the property of Wells. Wells replevied the automobile, which was valued by the sheriff at $575.

Upon trial, judgment was rendered against Wells for $625, that being the amount then due upon the Oklahoma judgment. Judgment was also rendered against the sureties upon the replevy bond for the estimated value of the automobile, with interest. Wells appeals.

Opinion.

[1] 1. Error is assigned to the exclusion of evidence offered to show that the automobile did not belong to Wells; that it was owned by the Wells Peugh Realty Company, a partnership composed of Wells and R. C. Peugh, and that Wells as such partner only had an undivided half interest in the automobile. It is contended that the evidence should have been admitted for the purpose of showing that the levy of the attachment was invalid because not made in the manner prescribed by article 3743, regulating the manner in which a levy shall be made on the interest of a partner in partnership property. There is no merit in this assignment. The car was levied upon as the property of Wells. It did not purport to be a levy upon any partnership interest. The issue of title to the automobile could not be tried in this way. 17 Cyc. 1115. Furthermore, it is very generally held that the giving of a replevy bond and retaining possession of the attached property, as was done by Wells in this case, precludes the defendant in the writ from questioning the legality of the levy. Some of the authorities hold that he is estopped; others that he has waived any irregularities in making the levy. Portis v. Parker, 8 Tex. 23, 58 Am. Dec. 95; Miller v. Clements, 54 Tex. 351; Kingsland, etc., v. Harrell, 1 White & W. Civ. Cas. Ct. App. § 737; 17 R. C. L. 246; 13 Amer. & Eng. Ency. Law (2d Ed.) 1141; notes in 25 Am. Dec. 429; 51 L. R. A. (N. S.) 635.

[2] 2. There was no error in rendering judgment against the sureties on the replevy bond for the value of the automobile as estimated by the sheriff when the bond was given, together with interest. The statute plainly authorizes the judgment rendered. Article 269, R. S. The rules invoked by appellant have reference to replevy bonds in sequestration proceedings.

[3] 3. There was no necessity for the court to make a finding as to the value of the automobile, as the amount of the bond was based upon the value thereof, as estimated by the officer who took the replevy bond. Article 258, R. S.

[4] 4. There was ample evidence to show that defendant was personally served with citation in the suit in Oklahoma, and we are not authorized to set aside the finding of the trial court that he was so served.

5. All other questions presented have been considered, and are regarded as without merit.

Affirmed.

---

⊘⥸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes