## ALEMAN v. GONZALES. (No. 7065.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1924. Rehearing Denied Feb. 13, 1924.)

1. **Execution ⬤⇒153—Sureties on delivery bond held not released by misdescription of automobile levied on.**

Where an automobile was levied on by the sheriff and bond given for its delivery, that by mistake the return of the execution and the bond recited the wrong motor number did not release the bondsmen on defendant's failure to deliver the car, defendant by his silence as to the motor number having permitted the sheriff to make delivery to him and induced the sureties to join in the bond.

2. **Execution ⬤⇒152—Giving of delivery bond entitles plaintiff to look to it for indemnity.**

In view of Rev. St. arts. 3748 and 3750, when a delivery bond is given after property has been levied upon in execution, the lien on the property is released, and plaintiff has a right to look to the bond for indemnity.

3. **Execution ⬤⇒157—Delivery of property under bond may not be allowable if its continued use tends to destroy its value.**

Where a delivery bond is given to release property levied upon, it is not always allowable to deliver the property if the continued use thereof tends to wear it out and destroy its value.

Appeal from District Court, Duval County; Hood Boone, Judge.

Action by Aurelio Aleman against Francisco Gonzales, wherein Octavio Garcia and Hilario Garza intervened. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

See, also, 246 S. W. 726.

Perkins & Floyd, of Alice, for appellant.

J. F. Clarkson and John D. Sutherland, both of San Diego, for appellee.

COBBS, J. Appellant sued appellee on a farm partnership and secured judgment for $336.04, with the foreclosure of a partnership lien on a Ford touring automobile, motor No. 22818.

On January 24, 1923, a second order of sale was issued upon said judgment and directed to and placed in the hands of the sheriff of Jim Wells county for execution, who made the following return thereupon:

"Came to hand the 27th day of January, 1923, at 10 o'clock a. m., and executed the 28th day of January, 1923, at 10 o'clock a. m. by notifying the defendant to deliver one Ford automobile, motor No. 22818, to me on February 13, 1923, which had been formerly levied upon under an order of sale and delivered to the defendant on the 18th day of February, 1922, by accepting a delivery bond executed by said defendant as principal and O. G. Garcia and H. R. Garza as sureties for the sum of $300.00 and afterwards on the 28th day of February, 1923, I advertised said automobile for sale at the courthouse door of Alice, Jim Wells county, Texas, by a printed advertisement published once a week for ten days in the Alice Echo, a newspaper published in Jim Wells county, said publications appearing on February 1 and 8, 1923, advertising said property to be sold on Tuesday, February 13, 1923; and on said 13th day of February, 1923, said defendant failed to deliver said property to me as provided for in said delivery bond, and the same is therefore forfeited and returned herewith with this writ on this 20th day of February, 1923."

The sheriff returned the bond to the clerk of the district court of Duval county, together with the order of sale, marked "forfeited" by said sheriff.

Octavio Garcia and Hilario Garza, the sureties in said bond intervened in said suit for their protection, and they and appellee presented their views to the trial court. They filed pleadings questioning the jurisdiction of the court, the invalidity of the levy, and fraud on the part of the sheriff. The case was tried by the court, who after hearing the evidence discharged the sureties from the bond.

The decision of the questions raised here will settle this case, as appellant concedes and says:

"There is only one point in this case to be decided by the court, and that is whether or not plaintiff is entitled to judgment against O. G. Garcia and H. R. Garza, the sureties on the delivery bond. These bondsmen urged a motion before the court, alleging that the automobile described in the bond never existed, as well as setting up one or two typographical errors written in the face of the bond, and praying that they be discharged. This contention is made by the sureties even though they and appellee signed the bond to secure a release of

the car that the sheriff, then had. Their defense in effect is that the sheriff levied upon the wrong car and a different car from that described in the judgment, and, even though they gave a delivery bond to produce the wrong car, they should be released and discharged."

The proof is that the sheriff did not levy the writ upon and seize the Ford automobile bearing the foreclosed No. 22818, but instead levied upon another automobile in the possession of appellee, motor No. 31112231.

It is conceded by appellee that:

"Delivery bond shows on its face that it was executed on the 18th day of February, 1922, and recites the judgment under which the execution was issued to have been had in the proper court on the 9th day of December, A. D. 1921; and further shows that it was approved by the sheriff on the 18th day of January, A. D. 1922, and that the bond was executed by the sureties thereon and principal on the 18th day of February, 1922."

It was shown prior to the institution of the suit Francisco Gonzales never owned or had in his possession the car No. 22818, described in the judgment, writ, and bond, he having sold it; but the car he owns is the same car the sheriff of Duval county first took away from him and is the same car that the sheriff of Jim Wells county took away from him, being No. 31112231, and for which he gave the delivery bond, and retained possession of the property thereunder, in which the car is described, erroneously, as 22818. The description running through the entire proceedings, including the delivery bond, is the same identical motor No. 22818.

[1] When the car was seized the sheriff found it in the appellee's hands, meeting the full and plain description of a Ford car, excluding the motor number. Appellee was permitted to retain its possession by giving the delivery bond. No one but Gonzales knew the difference in motor numbers, and by his silence permitted the sheriff to make the delivery to him, and thereby induced his sureties to join him in the bond. There is nothing to show any fraud committed by the sheriff, and if any fraud was committed at all it was by the appellee who kept his silence when he should have spoken, and thereby induced the sheriff to accept the bond. Neither Gonzales nor his procured bondsmen shall be heard now to speak and escape the consequences of their act to the detriment of appellant.

[2] When they gave this delivery bond, the lien was released upon the property, and the appellant had the right to look to the bond for indemnity. Rev. St. arts. 3748, 3750. Webb v. Caldwell (Tex. Civ. App.) 112 S. W. 98.

[3] Even though the right to deliver the property may be allowed under certain circumstances, that is not always allowable, because as here the continued use of the auto-

mobile tended to wear it out and destroy its value. Wells v. Cloud (Tex. Civ. App.) 202 S. W. 331; Miller v. Clements, 54 Tex. 351; Stroud v. Hancock, 116 Ga. 332, 42 S. E. 496; Oliver v. Warren, 124 Ga. 549, 53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. Rep. 188; Cole v. Robertson, 6 Tex. 360, 55 Am. Dec. 784; Portis v. Parker, 8 Tex. 23, 58 Am. Dec. 95.

We think, under the facts and circumstances of this case, appellee and his bondsmen must be held by the recitals in the delivery bond.

We think the trial court erred in the judgment, and for that reason reverse the same and here render judgment for appellant against appellee and O. G. Garcia and H. R. Garza, the two sureties upon said delivery bond, for the sum of $300, together with interest at the rate of 6 per cent. per annum from the date of said delivery bond until paid.

Reversed and rendered.