26601. DEWEESE *et al. v.* MILLSAPS.

DECIDED MARCH 3, 1938.

*William Butt,* for plaintiffs in error.
*Allison S. Prince, Thomas H. Crawford,* contra.

STEPHENS, P. J. It appears from the petition for certiorari,

brought in the superior court of Fannin County by Mrs. Mamie Deweese and E. J. Leatherwood against F. N. Millsaps, excepting to a verdict and judgment in a justice's court, and the answer of the magistrate to the petition, that F. N. Millsaps, the defendant in certiorari, brought suit in the justice's court against Mrs. Mamie Deweese and E. J. Leatherwood, the plaintiffs in certiorari, that on the trial there was introduced in evidence, as the basis for the suit on which the plaintiff's right of action was predicated, a bond executed by the defendants, which, as appeared from the evidence afterwards adduced, was executed by the defendants after the plaintiff, F. N. Millsaps, as a lawful constable, had levied upon certain household and kitchen furniture and one hog, under an execution in the sum of $22.44 in favor of W. H. Quintrell against T. B. Deweese, and Mamie Deweese (T. B. Deweese being the husband of Mrs. Mamie Deweese), and which bond and fi. fa. were returned to the justice of the peace of the district and the property levied on left in the possession of the Deweeses, the defendants in execution, and was never afterwards forthcoming to answer the execution. The only objection urged by the defendants to the admission in evidence of the bond was that it was not a forthcoming bond as contemplated by the statute. The bond reads as follows: "State of Georgia, Fannin County. We, Mrs. T. B. Deweese, principal, and E. J. Leatherwood, justice court security, acknowledge ourselves bound unto ————————— and his successors in office, in the sum of fifty-two dollars, for the payment of which we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents, waiving all rights to homestead and exemption of personalty by virtue of existing laws. Signed and sealed this 26th day of Aug., 1936. The above bound is to secure household and kitchen furniture is charged upon the oath of W. H. Quintrell with the offense of ————————————, and now if the said ———————— shall appear at the 1130 Dis. G. M. Court to be held in and for the county aforesaid on the 19 day of Sept., 1936, at 10 o'clock ————m., and from day to day and term to term, at Mobile Law Ground, to answer said charge, and shall not depart thence without leave of said court, then this bond to be void. W. H. Hicks, N. P. & J. P. Mrs. Mamie Deweese (Seal). E. J. Leatherwood (Seal). Attested and approved by F. N. Millsaps, L. C." There

was no evidence as to the value of the property or of any refusal by the defendants who executed the bond to deliver the property. The jury found a verdict in favor of "W. H. Quintrell" in the sum of $15.36 principal, and interest and costs, the plaintiff as named in the verdict being "W. H. Quintrell." The answer of the magistrate, which was uncontroverted, was that it was agreed during the progress of the trial that the only issue to be tried was as to the validity of the bond, that if the bond was valid the defendants were liable thereon and the plaintiff was to have judgment for the full amount, and that after the verdict was rendered, which was in favor of W. H. Quintrell, "every one treated the verdict as a verdict for the plaintiff and the attorney for the defendants, Col. Wm. Butt, then and there prepared the judgment of the court which was signed by the court." There were other objections and defenses urged by the defendants upon the trial, but in view of the fact that the issue on the trial was by consent limited to the question of the validity of the bond, as appears from the answer of the magistrate, the disposition of the case in this court will be confined solely to a determination of the question of the validity of the bond and these other objections and defenses need not be considered or referred to.

In view of the confinement of the issue to the sole question of the validity of the bond it is immaterial whether the verdict and judgment were in favor of W. H. Quintrell or in favor of F. N. Millsaps, the nominal plaintiff. Any recovery by F. N. Millsaps, the nominal plaintiff, would necessarily have been for the use and benefit of W. H. Quintrell, the plaintiff in execution.

The petition for certiorari which was brought by the defendants, Mrs. Mamie Deweese and E. J. Leatherwood, was sustained by the judge of the superior court and the case was "remanded to the court below for another trial." The plaintiffs in certiorari, namely, Mrs. Mamie Deweese and E. J. Leatherwood, excepted to this judgment in so far as it remanded the case for another trial and was not a final judgment in their behalf as the defendants in the suit in the trial court. Since it appears that the issue in the trial court was confined to the question of the validity or invalidity of the bond, and that it was agreed that if the bond was valid, a judgment was to be rendered for the plaintiff in the full amount, the only question now presented for this court's consideration is

as to the validity or invalidity of this bond. If the bond was valid and constituted a binding obligation upon the defendants, who are the plaintiffs in certiorari, the verdict and judgment against them as defendants in the trial court were, under the issue for determination there as agreed upon, a proper determination of the case, and there would manifestly be no merit whatsoever in the assignment of error in the bill of exceptions in this court by the plaintiffs in certiorari that the judge of the trial court erred in not rendering a final judgment for them.

The bond is a hybrid. It is a cross between a criminal recognizance and the replevy or eventual condemnation-money bond in a civil suit. It perhaps can not be held valid as a statutory forthcoming bond for the property levied on under the execution. The levying officer, F. N. Millsaps, the plaintiff, although the bond is not payable to him (it being made payable in blank and payable to nobody), brought a common-law suit on the bond against the obligors thereon as defendants. Since the issue is confined solely to the question as to the validity or invalidity of the bond it is immaterial that it is not in fact payable to the plaintiff by name. But since the payee's name is left blank in the bond, and the plaintiff, who was the levying officer, was the proper payee of the bond if it could be construed as a forthcoming bond, his name, perhaps, could have been properly inserted in the blank as the payee. *Moody* v. *Threlkeld*, 13 *Ga.* 55 (3). The bond on its face is unquestionably an obligation in a sum of money "to secure household and kitchen furniture" by the defendants as obligors, one of whom was the defendant in the execution in which W. H. Quintrell was plaintiff, and was executed for the purpose of replevying property levied on under an execution upon household and kitchen furniture which was presumably levied upon as the property of the defendants in that execution. Upon the execution of the bond and its delivery to the levying officer the defendants in execution were permitted to continue in possession of the property which was never afterwards forthcoming to answer the execution. The execution of the bond had the effect of releasing the property levied on from the possession of the levying officer and turning it over to the defendants in execution who made way with it and failed to produce it to answer the execution. The execution of the bond inured to the benefit of the defendants in execution one of

whom was the obligor on the bond, and to the injury and detriment of the plaintiff in execution. A denial of the validity of the bond would cause the plaintiff in execution to lose the benefit of the levy upon the property. It would therefore be unconscionable to permit the obligors under the bond, one of whom is a defendant in execution, to take possession of the property and make way with it, and deny the validity of the bond and cause a loss to the plaintiff in execution. *Stroud* v. *Hancock,* 116 *Ga.* 332, 336 (42 S. E. 496); *Wall* v. *Mount,* 121 *Ga.* 831, 833 (49 S. E. 778); *Smith* v. *Davis,* 3 *Ga. App.* 419 (60 S. E. 199); *Alexander* v. *Morris,* 10 *Ga. App.* 497 (73 S. E. 700). The defendants therefore are estopped from denying the validity of the bond, and it must therefore be treated and regarded to all intents and purposes as a valid common-law obligation, and the verdict and judgment found in favor of the plaintiff against the defendants on the bond were authorized. The judge of the superior court did not err, when sustaining the certiorari, in failing and refusing to enter a final judgment for the defendants in the trial court who were the plaintiffs in certiorari.

Whether any other defense made by the defendants, or which might be made, would avail them upon another trial of the case, notwithstanding they may be estopped from denying the validity of the bond, is not now decided. Upon another trial there may not be any confinement of the issue to a determination solely of the validity or the invalidity of the bond as was the case in the first trial. We are simply holding that in a case where the issue is so restricted and it appears that the bond was a valid and a binding obligation, the defendants, in a suit on the bond, were not as a matter of law entitled to a judgment in their favor, and that the judge of the superior court, in passing on the certiorari brought by the defendants after a verdict and judgment against them when sustaining their certiorari, did not err in failing to render a final judgment in their behalf.

*Judgment affirmed. Sutton and Felton, JJ., concur.*