MINNEHOMA FINANCIAL CO. v.
JOHNSON et al.

No. 15388.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 28, 1952.

Rehearing Denied Dec. 26, 1952.

476

conditional sales contract represented the sale of a Spartan Aircraft Trailer Coach by Bill Johnson to one of the above named persons and was a note for part of the purchase price, secured by a chattel mortgage on the trailer coach. By contract and guarantee on each sales contract, Johnson guaranteed payment to the appellant of all of said conditional sales contracts. All of the above mentioned five conditional sales contracts becoming in default, appellant filed suit against Johnson and the other five persons named above. At the time of filing suit, a writ of attachment was issued and levied upon property in the possession of defendant Johnson, none of which were covered by the chattel mortgages. The defendant Johnson thereupon executed a replevy bond with himself as principal, and signed by the appellees J. W. Smith and S. R. Thrasher, Jr., as sureties. The property was released to the defendant Johnson.

After the replevy bond had been executed and accepted by the officers, Smith and Thrasher intervened in the suit by plea in abatement, alleging that the levy was fraudulently obtained by appellant, in that the attorney for appellant and one of its agents from the home office instructed the officer to levy upon the property attached, knowing that said property did not belong to defendant Johnson.

Trial was had before a jury, which found that appellant's attorney directed the officer to levy on the property attached and that said attorney knew at the time the property did not belong to Johnson. Judgment was entered against defendant Johnson for the full amount of the indebtedness sued for but the court denied appellant recovery against Thrasher and Smith, the sureties. Defendant Johnson has not appealed. Appellant appeals from that part of the judgment denying him recovery against the appellees Smith and Thrasher on the replevy bond.

The finding of the jury that appellant's attorney directed the officer to levy on property knowing that it did not belong to Johnson is amply supported by the testimony of Johnson, Mrs. Price, his bookkeeper, and a deputy sheriff. Appellant insists, however, that the testimony was

James C. Dorbandt, of Tyler, for appellant.

Mike Anglin and R. L. Whitehead, both of Longview, for appellees.

RENFRO, Justice.

The appellant, Minnehoma Financial Company, appeals from a judgment denying it recovery against appellees, J. W. Smith and S. R. Thrasher, Jr., sureties on a replevy bond.

Appellant bought from Bill Johnson, a trailer coach dealer, five conditional sales contracts executed by Brewer, Eley, Greer, Kennon and Randall, respectively. Each

477

inadmissible, on the ground that Johnson and the sureties on the replevy bond were estopped from denying ownership of the property in Johnson.

We find, however, that appellee sureties are not estopped from denying liability on the replevy bond. In Shaw, Banking Commissioner v. Borchers, Tex.Com.App., 46 S.W.2d 967, the court held that it is ordinarily the rule that a party cannot claim the benefit of estoppel without specially pleading the same, but the rule is otherwise if the matter constituting an estoppel is apparent upon the face of the pleading.

In the instant case, the appellant did not plead estoppel and the pleadings filed by appellees did not show matters apparent upon the face of the pleadings such as to constitute estoppel.

■ The appellees had the right to intervene. In Burch v. Watts, 37 Tex. 135, the Supreme Court held that where the sureties on a replevy bond establish the existence of either actual or constructive fraud, they are entitled to relief and it is immaterial whether the motion for relief comes from the original parties to the suit or from themselves. The Burch case is cited with approval by the Supreme Court in Hodde v. Susan, 58 Tex. 389, 393, and Mitchell v. Bloom, 91 Tex. 634, 45 S.W. 558. Appellees were entitled to the testimony complained of in support of their plea in abatement.

In 7 C.J.S., Attachment, § 242, p. 415, it is stated that as a general rule where a levy is effected by improper means, as for instance by the use of any fraudulent device to obtain possession of property, it will be invalid.

Kildare Lumber Co. v. Atlanta Bank, 91 Tex. 95, 41 S.W. 64, holds that a replevy bond is no more binding than the attachment itself, and that a plaintiff who abuses the process of the court should not have an advantage obtained by his own wrong.

■ Abuse of process may consist in levying a writ of attachment on property that does not belong to the atttachment defendant. 33 Tex.Jur., p. 910, § 94.

■ The pleading by appellees and the evidence introduced were sufficient to uphold the jury finding that the appellant's attorney knowingly had the officer levy the attachment upon property not belonging to the defendant, and appellant cannot by its own wrong predicate an estoppel in its favor. Cohen v. Lewis, Tex.Civ.App., 44 S.W.2d 468, error refused. Since the writ of attachment was obtained by reason of the wrongful act of the appellant, the court was not in error in denying recovery against the sureties on their replevy bond, for when the attachment writ was quashed by the court, all proceedings under the writ, in so far as they inured to the benefit of the plaintiff, were likewise of no effect.

■ The appellant contends the court erred in admitting the testimony of the defendant Johnson that the property levied on did not belong to him because that subject was covered in a request for admissions which the defendant failed to answer.

We find from an examination of the statement of facts that objection was not made to Johnson's testimony on that ground. We overrule the point of error.

■ Appellant contends judgment should have been entered against appellees because the jury, in answer to special issue No. 9, found that the act of appellant's attorney in directing the sheriff to levy upon property he knew did not belong to Johnson did not induce appellees to execute the replevy bond. If there had been no levy of attachment, there would have been no replevy bond. There is no showing that appellees knew the property did not belong to Johnson. According to the jury finding, appellant's wrongful acts set in motion the events which led to appellees' signing the replevy bond and appellant cannot now by its own wrongful acts estop the appellees from asking to be relieved of liability.

We have given careful consideration to all of appellant's points of error and finding they present no reversible error, we hereby affirm the judgment of the trial court.