MINNEHOMA FINANCIAL COMPANY V. BILL JOHNSON ET AL.

No. A-3985. Decided May 6, 1953.
Rehearing overruled June 10, 1953.
(258 S. W. 2d Series 78)

*J. C. Dorbandt,* of Tyler, for petitioner.

The court of Civil Appeals erred in holding that plaintiff's instructing the officers to levy a writ of attachment upon property it knows does not belong to defendant is ground for quashing the attachment at the instance of defendant or the sureties on his replevy bond. 5 Texas Jur. p. 265; 33 Texas Jur. p. 910.

*Mike Anglin* and *R. L. Whitehead,* both of Longview, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The only parties before this court are an attaching creditor and the sureties on a replevy bond in attachment. The issue between them is the right of those sureties to quash or abate a writ of attachment on the ground that the attaching creditor directed the officer to levy upon personal property, some of which it knew did not belong to the defendant. The trial court, upon motion of the sureties and their principal upon the replevy bond, quashed the writ of attachment and discharged the sureties

from liability under the bond. The Court of Civil Appeals affirmed. 253 S. W. 2d 475.

■ The petitioner, Minnehoma Financial Company, purchased from Bill Johnson, a trailer coach dealer in Longview, five conditional sales contracts which, by virtue of Article 5489, R. C. S. 1925, are in legal effect chattel mortgages. Those mortgages were apparently executed by Brewer, Eley, Greer, Kennon and Randall, respectively. Each contract purportedly represented the sale of a trailer coach by Johnson to the respective vendees named above and was a note for part of the purchase price, secured by a chattel mortgage on a trailer coach. Johnson executed an absolute guarantee of payment to petitioner of all of the contracts. Default having been made on all of them, petitioner filed suit against Johnson and the five alleged mortgagors named above. A writ of attachment was issued and levied upon personal property in Johnson's trailer lot not covered by the mortgages. Petitioner's attorney personally accompanied the levying officer. On the following day Johnson executed a replevy bond as principal with respondents J. W. Smith and S. R. Thrasher, Jr., as sureties, on the faith of which bond the property was released to Johnson.

Johnson's attorney, Mr. Harvey Shead, procured the sureties who executed his replevy bond. He was given $1,000.00 by Johnson which Johnson testified was for the purpose of paying the sureties, but which was never paid to them. Mr. Shead testified that the money was paid him for legal services. His agreement with the sureties seems to have been that they were to receive five per cent of the value of the $22,000.00 bond, $1,100.00, as consideration for executing it. At the time the bond was executed the sureties took from Johnson a mortgage and deed of trust on various real and personal properties, some of which was that replevied. Later they filed two or more complaints against Johnson for mortgaging property which did not belong to him. At the time of trial, the property attached was not forthcoming.

In the trial court judgment was rendered against Johnson, from which no appeal was prosecuted. Judgment by default was rendered against two of the alleged mortgagors. One of the alleged mortgagors made proof that he did not execute the mortgage and judgment ran in his favor. Petitioner dismissed as to the other two alleged mortgagors, one of whom was serving in the United States Navy and the residence of the other was un-

known. A motion was filed by Johnson and the sureties to quash the writ of attachment on the ground that the officer making the levy was informed that the property did not belong to Johnson. They also filed a plea in abatement, alleging in substance that the levy was wrongful and excessive; that petitioner's attorney had wrongfully induced the officers to levy on property which he knew did not belong to Johnson; and that petitioner was trying to collect its judgment by holding the sureties on their replevy bond. The trial court sustained the motion to quash and, based upon that ruling, rendered judgment that petitioner take nothing by its suit against the sureties. From that portion of the judgment petitioner appealed. The other portions of the judgment have not been questioned.

2   The trial court erred in sustaining the motion to quash, and the Court of Civil Appeals erred in affirming that ruling. The rule is firmly established that only an intrinsic defect or one which appears on the face of the affidavit, pleadings, bond, or the writ can be reached by a motion to quash. A motion to quash is analogous to a demurrer. Objections to extrinsic matter must be made by a plea in abatement. Wright v. Smith, 19 Texas 297; Messner v. Lewis, 20 Texas 221, 222; Hill v. Cunningham, 25 Texas 26; City National Bank v. J. M. Cupp & Co., 59 Texas 268. It follows from the application of that rule that a writ of attachment may not be quashed on the ground that the defendant did not own the attached property. The levy may be set aside on motion of a proper party, but not the writ itself. 2 Amer. Jur., Attachment and Garnishment, § 640; 6 C. J., Attachment, § 999; 7 C. J. S., Attachment, § 426.

The Court of Civil Appeals affirmed the trial court's judgment on another ground which may be classified generally as "abuses the process of the court." (253 S. W. 2d 477). The theory on which respondents tried the case was that petitioner's wrongful act induced them to execute the replevy bond. That theory is reflected by three special issues which the court submitted to the jury in the exact language requested by them. Those issues are numbered 7, 8, and 9 in the charge. Issue No. 7 inquired whether petitioner's attorney instructed the officers to levy upon the property involved in the writ of attachment. Issue No. 8 inquired whether petitioner's attorney knew that said property did not belong to the defendant Bill Johnson. Both of those issues were answered in the affirmative. Issue No. 9 inquired whether the representations made by petitioner's attorney to the officer levying the writ of attachment induced the sureties to execute

the replevy bond. That issue was answered in the negative. The Court of Civil Appeals held that notwithstanding the jury finding on Issue No. 9 the trial court's judgment should be sustained on the answer to Issue No. 8, and counsel employed to represent respondents in this court stated in oral argument that that answer constituted their sole ground of defense.

■ As we understand the contention, it is that petitioner's attorney in directing the officer to levy upon property not belonging to Bill Johnson committed a wrong against the true owners of that property whoever they might be (a fact not established in this case); and although that wrong against third parties did not induce respondents to execute the replevy bond, it nevertheless operated to release them from their solemn obligation to pay the judgment rendered against Johnson. Sureties on a replevy bond in attachment are not relieved of their liability thereunder because the defendant does not own the attached property, Calvert v. Bennett, 286 S.W. 303, error dismissed; Wells v. Cloud, 202 S.W. 331; and that fact does not prevent foreclosure upon the attached property. Wise v. Ferguson, 138 S. W. 816, error dismissed. But independent of authority we could not sustain respondent's theory on any principle of law with which we are familiar. There could be no more gross abuse of the processes of the courts than to procure a writ of attachment through perjury and yet that has been held, in a well-considered opinion approved by this court, not to be a defense against the sureties' liability on the replevy bond. Turner v. Martin, 45 S. W. 2d 236, error refused.

■ The established policy in this State is that attachment proceedings be complicated as little as possible with collateral issues as to ownership of attached property. Even a third party claimant of such property may intervene in the main action only in limited circumstances. Ryan v. Goldfrank, Frank & Co., 58 Texas 356; Whitman v. Willis, 51 Texas 421; and cases cited in 27 Texas Jur., Levy and Seizure, § 63. He is ordinarily relegated to a separate proceeding of trial of right of property. Rules 717-736, T. R. C. P. The deterrent to indiscriminate action by the attaching creditor is not discharge of the sureties on the replevy bond, but imposition of liability upon him for wrongful attachment and wrongful levy. The statutes which create the extraordinary remedy of attachment also make provision for the execution of bonds by the attaching creditor in order to safeguard the rights of the defendant, of the true owner, and of the attaching officer. Arts. 279, 287, R. C. S. 1925.

Just as the sureties upon the attaching creditor's bond take the risk that the attachment may be wrongful, the sureties on the replevy bond take the risk that the defendant may fail to bring forth the replevied property. The fact that the defendant may not own that property could well increase the sureties' risk that it will not be forthcoming, but will not free them of that risk. The ownership of the property which the defendant seeks to replevy is a matter about which the sureties must satisfy themselves before they execute the bond. Undoubtedly, it was for the assumption of this risk that the respondents charged a fee of $1,100.00 for becoming sureties on Johnson's bond and exacted from him security for its payment. The consequences of any fraud committed upon them by their principal, Johnson, cannot be visited upon petitioner.

Respondents rely heavily upon Woods-Egan Livestock Comm'n Co. v. Hicks, 92 Kan. 922, 142 Pacific 276, L. R. A. 1915A, 1132. That case, as we view it, is not in point. The bond involved there was not a replevy bond executed by a defendant in attachment, but a "forthcoming" bond executed by a third party who claimed to be the true owner of the attached property. The bond in general partook of the nature of the claimant's bond authorized by our statutes. Art. 291, R. C. S. 1925.

Respondents also place much reliance upon Burch v. Watts, 37 Texas 135; and Kildare Lumber Co. v. Atlanta Bank, 91 Texas 95, 41 S. W. 64. In the Burch case the sureties on a replevy bond were permitted to intervene in the suit between the attaching creditor and the defendant in order to relieve themselves of liability because of collusion between the creditor and the defendant to defraud them. In this case there is no evidence of collusion between petitioner and Johnson to defraud respondents. The only claim of fraud committed against them was destroyed by the jury's answer to Special Issue No. 9, supra. The Kildare Lumber Company case merely holds that the sureties on a replevy bond are released from liability thereunder once the writ of attachment is quashed. That case in no way establishes the right of the respondents to quash or abate the writ in this suit.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court in so far as it denies recovery against respondents is also reversed, but in all other respects is left undisturbed. The case is remanded with instructions to the trial court to render judgment against the sureties for the

amount of their replevy bond with interest from the date of the bond. Rule 599, T. R. C. P. Since the trial court's judgment was in favor of the respondents no adjudication was made with regard to rights in their favor resulting from their payment of the judgment against Johnson. In rendering judgment against them their rights as against all other parties, as outlined by Articles 6247 and 6248, R. C. S. 1925, should be determined.

Opinion delivered May 6, 1953.

Rehearing overruled June 10, 1953.