

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 28, 1962

Honorable Shelby H. Blaydes   Opinion No. WW-1516
District Attorney
Box 454                       Re:  Whether or not a complaint
Fort Stockton, Texas               in the nature of "Conver-
                                   sion by Bailee" can be filed
                                   against a purchaser under
Dear Mr. Blaydes:                  a "Conditional Sale Agreement"

        You have requested an opinion from this office as to
whether a complaint in the nature of "Conversion by Bailee"
can be filed against a purchaser who has purchased certain
merchandise from a seller under a "Conditional Sales Agree-
ment". A copy of said agreement has been furnished this
office by you.

        In addition, you have set out certain facts surround-
ing the transaction upon which your request is based. They
are as follows:

            "On or about the 5th day of July, 1961,
        Purchaser purchased from Seller One (1) Ad-
        miral Stereo Phonograph for the sum of $220.00
        and at such time purchaser executed a Conditional
        Sale Agreement to Seller wherein Purchaser
        agreed to the following terms and conditions;
        Purchaser paid $20.00 cash down, leaving a
        balance due of $200.00 and added $32.00 carry-
        ing charges, leaving $232.00 balance due and
        payable. Purchaser agreed to pay this amount
        out in 23 equal monthly payments of $10.10
        each, said payments commencing on August 5,
        1961. Purchaser made the payments until March
        5, 1962, at which time Purchaser defaulted and
        has not made any payments since. Some time
        during the month of April the Purchaser moved
        to Houston, Texas, taking the merchandise with
        her and still has not made any payments."

        You have quoted Article 1429 of Vernon's Penal Code
of Texas and asked whether a complaint in the nature of
"Conversion by Bailee" can be filed under it for the fact
situation you outlined. Article 1429 reads as follows:

"Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, <u>or other bailment</u>, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as for theft of like property." (Emphasis added)

Under the facts you have outlined the "Conditional Sales Contract", which is the subject of your question, is in legal effect a chattel mortgage. <u>Minnehoma Financial Company v. Johnson,</u> _____ Tex. _____, 258 S.W.2d 78 (1953). We therefore must consider the law applicable to chattel mortgages in answering your question.

Article 5489 of Vernon's Civil Statutes states:

"All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages. Nothing in this law shall be construed to contravene the landlord and tenant law."

By virtue of the provisions of Article 5489 and the holding of the Supreme Court in <u>Minnehoma Financial Company v. Johnson,</u> supra, it is our opinion that the filing of a complaint in the nature of "Conversion by Bailee" against a purchaser under a "Conditional Sale Agreement" would not be proper, and that Article 1429, Vernon's Penal Code, does not apply as a contract of hiring or borrowing, or other bailment is not involved.

### S U M M A R Y

The filing of a complaint in the nature of "Conversion by Bailee" against a purchaser under a "Conditional Sales Agreement" would

not be proper.

Respectfully,

WILL WILSON
Attorney General of Texas

By _____
NORMAN V. SUAREZ
Assistant Attorney General

NVS:nss

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Scranton Jones
W. O. Shultz
Cecil Rotsch

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore