No. 2255.

ROMULO GARCIA *v.* E. N. GRAY.

1. DELIVERY OF CHATTELS—CONTRACT.—When a vendor of personal prop-
erty, which is in the hands of a third party, gives an order for the
delivery of the same, in pursuance of his contract and in payment of a
debt, the vendee can not by agreement with such third party, without
the consent of the seller, postpone the date of delivery, so as to allow the
property to remain with the party in possession at the risk of the seller,
or impose on him any new duty with regard to its future delivery. If
the property is lost by reason of such agreement to postpone delivery,
so far as the seller is concerned the delivery will be regarded as complete
and the debt discharged.

2. EVIDENCE—PRACTICE.—When a jury is waived and a cause is tried by
the presiding judge, the admission of illegal evidence to establish a fact
will constitute no ground for reversal, if the same fact was proved by
evidence admitted without objection.

APPEAL from Duval.    Tried below before the Hon. J. C.
Russell.

*Bryant & Coyner*, for appellant, cited Revised Statutes, articles
646, 649, 262; Mimms v. Mitchell, 1 Texas, 443; McGreal v.
Wilson, 9 Texas, 426; Able v. Lee, 6 Texas, 427; Gammage v.
Alexander, 14 Texas, 414; Brown v. Martin, 19 Texas, 343; Chan-
dler v. Fultòn, 10 Texas, 17; Fromme v. Kaylor, 30 Texas, 754;
James v. Fulcrod, 5 Texas, 512; Kilgore v. Jordon, 17 Texas, 356;
Smith v. Strahan, 16 Texas, 314; Thatcher v. Mills, 14 Texas, 13;
Graves v. Hall, 27 Texas, 155, and cases cited; Kenigsberger v.
Wingate, 31 Texas, 42; Parsons on Contracts, 444, 447, 437;
Greenleaf on Evidence, 195, 194; Daniel on Negotiable Instru-
ments, 450, 1003, 1005; Thatcher v. Mills, 14 Texas, 13; Durrum
v. Hendrick, 4 Texas, 495; Rockmore v. Davenport, 14 Texas,
602; Wood v. McMeans, 23 Texas, 481; Lewis v. Parker, 33
Texas, 121; Platzer v. Norris, 38 Texas, 1; Carson v. Russell &
Schott, 26 Texas, 452.

*James O. Luby*, for appellee, cited Revised Statutes, articles
645, 646 and 647; Greathouse v. Greathouse, 60 Texas, 597; Rule
7, District Court; 2 Daniel on Negotiable Instruments, section
1319; Babcock v. M. N. Bank, 1 App. C. C., 818; Page v. Arnim,
Texas, 53; 2 Herman on Estoppel, section 766.

WILLIE, CHIEF JUSTICE.　Romulo Garcia sued E. N. Gray to recover five hundred and eight dollars, balance alleged to be due upon the sale of certain property by Garcia to Gray for the sum of seven hundred and thirty-seven dollars, after deducting therefrom two hundred and twenty-nine dollars, admitted to have been paid.　It was averred in the petition that this balance was to be paid by the delivery to Garcia of five hundred goats, and that Gray had given Garcia an order for them, directed to Cornelia Vela, who refused to deliver them because he did not know whether or not he was indebted to Gray to that extent.　It was further alleged that Gray received due notice of this refusal on the part of Vela, but had failed to pay the five hundred and eight dollars due upon the contract of sale.

The defendant below answered that, after notifying defendant of Vela's refusal to deliver the goats, the plaintiff entered into a written agreement with Vela to extend the time for receiving them for over two months, upon Vela's agreeing to deliver them at the end of that time; and that thereby the defendant was prevented from enforcing an immediate delivery of the property. He further pleaded that the plaintiff, after making the agreement with Vela, had knowingly permitted him to remove the goats out of the county of Duval; that plaintiff never demanded them of Vela after making the said written agreement until Vela had taken the goats to Mexico, which was done with the consent of the plaintiff.

He further pleaded in reconvention a debt due him from Garcia for building a division fence between his lands and those of Garcia, and for the value of certain articles of personal property furnished the latter at his request.

The cause was tried before the judge alone, who gave judgment against the plaintiff upon his claim, and, also, upon the plea of reconvention, allowing a recovery in behalf of defendant for one hundred and ninety-two dollars, from which judgment Garcia has appealed to this court.　The two first assigned errors are to the judgment upon the defendant's claim in reconvention.　These assignments object to the judgment in this respect, on the ground that it is not supported by the evidence, and is not in accordance with the allegations of the plea in reconvention.　In what respect the evidence is insufficient to support the plea, the assignment does not state; nor does it point out the variance between the allegation of the plea and the evidence introduced in support of it.

The assignments are too general, and are in violation of the rules of this court, and will not be considered. (See Rules 24 and 26.)

As to the claim upon which Garcia founded his suit, the facts proven upon the trial fully sustained the defenses set up by the appellee. When the order for the goats was presented to Vela he declined to deliver them, because, as he stated, a settlement between himself and Gray was necessary before he could tell whether or not he owed Gray to that extent. This was on May 11, 1885, and, on the next day, Garcia notified Gray's agent of what Vela had stated.

Had no subsequent contract been made between Garcia and Vela in reference to the delivery of the goats, the former would have had grounds for an action against Gray for a breach of the contract for the delivery of the property. When Gray gave the order upon Vela, the position of the parties was the same as if the former had sold to Garcia the five hundred head of goats in the possession of Vela. In such cases the vendee is treated as being in the actual receipt of the property, when all parties agree that the party in possession shall thereafter hold the property for the vendee. (Benj. on Sales, sec. 174; Blackburn on Sales, sec. 28.)

The consent of the vendor that the property shall pass immediately to the vendee, upon presenting an order to that effect to the person in possession, is given by the order itself. As to whether this is to be effected by an actual change of possession, or by an agreement between the vendee and the person to whom the order is directed that the latter shall hold the property for the former, is a matter of indifference to the vendor so far as the accomplishment of the purposes of the order is concerned.

He has in either case delivered the property and performed his contract. The vendee may make what agreements he pleases with the third party as to what shall be done with the property, provided the vendor is released from all further responsibility for its reaching the possession of the purchaser.

But the vendee can not, by agreement with such third party and without the consent of the seller, postpone the date of delivery so as to allow the goods to remain with the party in possession at the risk of the seller, or cause him to assume any new duties.

Garcia agreed with Vela that the latter might keep possession of the goats till July 25. In this he went beyond the powers he

possessed under the order. If he could bind Gray by such a contract, made without his knowledge, and, of course, his consent, he could place upon him a responsibility which he had not agreed to assume; he could make for him a contract to which he had given no assent. Gray had agreed that in case Vela did not deliver the goats within a reasonable time after presentation of the order, he, Gray, would indemnify Garcia for whatever loss he might thereby sustain. He did not agree to furnish such indemnity in case Vela did not comply with any contract Garcia and Vela might choose to enter into for their delivery at some future day. Their agreement to postpone delivery was valid so far as Garcia and Vela were concerned, but was not binding upon Gray. ·

It was one in which Garcia could. bring suit against Vela, in case the goats were not delivered according to its terms. but he had no recourse against Gray, as Gray had not agreed that it should be postponed, for its infringements. Neither could he sue Gray upon the order given by him and with which Vela had failed to comply, for he had made a new agreement with Vela which released him from performing what Gray's order required, and thereby Gray was released from his obligations as to delivering the property. When the order was given, Vela was indebted to Garcia, and a compliance with the order was to be a *pro tanto* discharge of the debt. The plaintiff's agreement with Vela deprived defendant of any recourse against the latter for his debt. The plaintiff seeks to make the defendant liable for failing to give him possession of the property, when the plaintiff's own conduct has placed it beyond the power of the defendant to compel Vela to do any such thing. Defendant did not authorize Garcia to trust Vela for the future delivery of the goats, if he did not accept the order, and if Garcia chose to take a contract to that effect in lieu of an actual delivery, he must abide the consequences.

He put it in the power of Vela to remove the goats out of the State, and, at the same time, rendered the defendant helpless to prevent it. Garcia could have stopped them by the use of the means the law placed at his disposal. The defendant had no means whatever of doing so. The plaintiff can not charge the defendant with the results of his own negligence, when the defendant could not have protected his rights if. he had tried.

The fact that Garcia notified the defendant of the original rejection of the order does not alter the case. His subsequent

conduct waived any right he had acquired to seek indemnity from the defendant, and gave him recourse against Vela alone.

These views dispose of all the questions raised in the case that are of sufficient importance to demand consideration, except the objection to Adami testifying as to the contents of the agreement between Vela and Garcia.

It is complained that the court admitted this evidence without proper notice to produce, over the objections of the plaintiff. Without saying anything in reference to the bill of exceptions reserving the point, which is somewhat defective, it is sufficient to say that Ramon Garcia testified in this respect in almost the same language used by Adami, and no exception was taken to his testimony. The contents of the instrument were as fully proved by the one witness as the other. The cause was submitted to the judge alone, and in such cases the admission of illegal testimony to a fact is not cause of reversal, if the same fact is proved by evidence admitted without objection.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered January 28, 1887.