### C. F. BONNELL ET AL. v. EDWARD PRINCE.

No. 686.

**1. Surety—Extension of Time—Consideration.**

An agreement to forbear suit on a note for an indefinite time, where there was no corresponding promise on the part of the debtor not to pay during the time of forbearance, or other consideration for such promise, will not operate to release a surety on the note.

**2. Community Property—Judgment Against Survivor.**

Where a widow is sued as a survivor in community of herself and her deceased husband, and judgment is rendered against her as such, it is not necessary to allege or prove that community property came into her hands as survivor, since if no such property is held by her, the judgment in no wise binds her.

**3. Attorney Fees in Note—Proof.**

In a suit on a note, providing for attorney fees, the appearance of an attorney

in the action is sufficient evidence that the note has been placed in the hands of an attorney for collection.

**4. Practice on Appeal—Objection Below Necessary.**

Objection that in an action to foreclose a mortgage the judgment improperly included the sum of $66 paid by plaintiff as taxes on the property, is not available on appeal where such matter was not embraced in the motion for new trial, and no objection was made when the evidence of such payment of taxes was introduced.

**5. Costs of Nominal Party.**

Where the trustee of a mortgage is made a nominal party to the suit, the costs incurred as to him are properly taxed against the defendants in a judgment foreclosing the mortgage.

**6. Suretyship—Extension of Time.**

Where it is not shown upon the face of a note and is not known to the payee that a joint maker thereof is surety to the other maker, the surety will not be released by an extension of time granted to the principal.

APPEAL from Kerr. Tried below before Hon. EUGENE ARCHER.

*Leo Tarleton* and *Geo. C. Altgelt*, for appellant.—1. Appellant C. F. Bonnell, survivor of the community of J. A. Bonnell, her deceased husband, and herself, not having been shown to have received property from her husband's estate equal to or exceeding in value the amount of plaintiff's debt, no execution over after the sale of the mortgaged lands should have been adjudged to plaintiff. Schmidtke v. Miller, 71 Texas, 103; Low v. Felton, 84 Texas, 386; Mays v. Jones, 62 Texas, 365; Webster v. Willis, 56 Texas, 472; Leatherwood v. Arnold, 66 Texas, 414.

2. The judgment of the court is excessive and without evidence to support it, in so far as it awards plaintiff ten per cent attorney's fees upon the amount of his debt, because there is no evidence or finding in support of plaintiff's allegation that he had placed the note sued upon in the hands of an attorney in order to enforce payment thereof. Jones v. Smith, 4 Texas Civil Appeals, 353; Kerr v. Morrison, 25 S. W. Rep., 1011; Maddox v. Craig, 80 Texas, 600; McKelligon v. Bank, 24 S. W. Rep., 689.

*R. H. Burney*, for appellee, Edward Prince.—1. Appellee having brought this suit against appellant as the survivor in community of her husband J. A. Bonnell, deceased, on a community debt of herself and deceased husband, in which he asks for judgment against her as survivor in said community, it was not necessary for appellee to allege or prove that appellant had received or was in possession of any property belonging to said community estate, to entitle him to a judgment against her as survivor in said community estate. Sayles' Civil Stat., arts. 2852, 2853, 2857, 1654, 2164; Carter v. Connor, 60 Texas, 52; Jones v. Jones, 15 Texas, 147; Leatherwood v. Arnold, 66 Texas, 419.

2. The note sued upon in this case provides for ten per cent attorneys' fees in the event the note was placed in the hands of an attorney for collection, and appellee in his petition alleges that the same has been placed in the hands of his attorney (R. H. Burney) for collection.

The filing of said petition in the lower court, signed by appellee's said attorney, is of itself sufficient evidence to support the judgment awarding attorneys' fees. Roe v. Bridges, 31 S. W. Rep., 317; Kerr v. Morrison, 25 S. W. Rep., 1012; Gardner v. Watson, 76 Texas, 31.

*Aug E. Altgelt,* for W. H. Bonnell.

FLY, ASSOCIATE JUSTICE.—Edward Prince filed suit against Mrs. C. F. Bonnell, W. H. Bonnell and J. T. Woodhull, alleging that Mrs. Bonnell was the surviving widow of J. A. Bonnell, that J. A. Bonnell and W. H. Bonnell had executed a promissory note for $5000 bearing interest at 10 per cent per annum and 10 per cent attorneys' fees if placed in the hands of an attorney for collection, payable to appellee, that to secure the payment of the note and interest a deed of trust was executed on certain lands, which were fully described, that J. T. Woodhull was the trustee therein, that the note was due and unpaid, that J. A. Bonnell had died leaving the property described in the deed of trust as well as other property, that it was the community property of himself and Mrs. C. F. Bonnell, and W. H. Bonnell was his only heir; that Mrs. Bonnell was in possession of and holding the property, and that there was no administration or necessity for one. There was also an allegation that appellee had paid $64.50 taxes on the land. There was a prayer for judgment for the debt against W. H. Bonnell, and against Mrs. C. F. Bonnell, as survivor of her husband, against J. T. Woodhull and Mrs. Bonnell as survivor for a foreclosure of the lien, and against Mrs. Bonnell as survivor and W. H. Bonnell for any balance that might remain after sale of the land. The case was tried by the judge without a jury, and judgment rendered as prayed for. Mrs. Bonnell alone appealed.

The findings of fact by the district judge being supported by the statement of facts, we adopt the same as the conclusions of fact of this court.

*Conclusions of Fact.* —1. That W. H. Bonnell and J. A. Bonnell executed the note sued on.

2. That J. A. Bonnell executed the deed of trust to J. F. Woodhull, as trustee, to secure plaintiff, Edward Prince, in the payment of the said note.

3. That the lands named in the deed of trust were the community property of J. A. Bonnell and his wife, C. F. Bonnell, at the date of the execution of the note and deed of trust.

4. J. A. Bonnell died intestate on the 10th day of October, 1892.

5. That defendant, W. H. Bonnell, and Mrs. C. F. Bonnell, who is the surviving wife of J. A. Bonnell, were the sole surviving heirs left by J. A. Bonnell at his death.

6. That Mrs. C. F. Bonnell is the surviving wife of J. A. Bonnell, deceased.

7. That there has been no administration on the estate of J. A.

Bonnell, nor is there any necessity for any, and that Mrs. C. F. Bonnell has never qualified as surviving wife.

8.   That the note and deed of trust were executed by J. A. Bonnell during his marriage with Mrs. C. F. Bonnell.

9.   That while J. A. Bonnell signed the note sued on as principal, he was, in fact, a surety for his son, W. H. Bonnell.

10.   That while J. A. Bonnell was only surety on the note when he signed it, the fact of his suretyship was not known to Edward Prince, the plaintiff, at the time.

11.   That there was no contract or agreement for an extension of the time of payment of said note.

12.   That plaintiff paid the taxes on a portion of the lands named in the deed of trust in the year 1893, amounting to the sum of $64.50.

Appellant seeks a revision of the action of the court in admitting testimony on the part of J. T. Woodhull, that he had no authority to grant an extension of the note, and that Prince, the payee of the note, had no knowledge that J. A. Bonnell was a surety on the note.  No bill of exceptions, such as is provided for by the statute and rules, was taken to the admission of the testimony.  The bills of exception are, as is permissible, incorporated in the statement of facts, but when this is done, the rules in regard to bills of exception must be complied with. Treating the matter of exception as properly before this court, however, the same facts were shown by other evidence, and the admission of the testimony complained of, if illegal, is not cause for reversal.  Garcia v. Gray, 67 Texas, 282.

The failure of the court to find that J. A. Bonnell was a surety on the note for W. H. Bonnell, and that the fact was known to J. T. Woodhull, agent of Edward Prince, and the finding of fact by the court that there was no agreement to extend the time of payment, are assigned as errors.  Woodhull and Prince swore that they did not know that J. A. Bonnell signed the note as a surety, and Woodhull swore that there was no extension of time of payment, and the district judge accepted their testimony, as he had the power and privilege of doing, and this action on his part cannot with merit be assigned as error.  There was, according to the testimony of Woodhull, no extension whatever granted. There was no promise on the part of Woodhull to extend the time of payment for a definite time, and suit could have been instituted at any time after the note was due.  The most that can be made out of the testimony of Woodhull was an agreement to forbear for an indefinite time, and there was no "corresponding promise on the part of the debtor not to pay during the time of the promised forbearance."  Benson v. Phipps, 87 Texas, 578.

The eighth assignment presents as error the judgment against Mrs. Bonnell as survivor of her husband, because it was not alleged or proved that any community property came into her possession.  Mrs. Bonnell was sued as the survivor of her husband, and the judgment is rendered against her as such.  It was not necessary to allege or prove that com-

munity property came into her hands as survivor; if no such property is held by her, the judgment in no wise binds her, and she certainly has no right to complain that it was not shown that there was property out of which the judgment could be satisfied.   The ninth assignment of error is without merit.   The judgment is rendered for a foreclosure of the lien on the property described in the deed of trust, and against W. H. Bonnell generally, and against Mrs. Bonnell as survivor for any balance that may remain after the sale of the land.   The judgment binds Mrs. Bonnell only as to the community property of herself and deceased husband.   The pleadings and evidence treated the property as community, and the judge was justified in concluding that it was community.   The only objection made in the motion for a new trial to the finding that the property was community, was that the evidence showed that a part of it belonged to W. H. Bonnell.

The tenth assignment of error is without merit.   It was alleged that the attorney's fees were due, as specified in the note, and the very fact of appellant being represented by an attorney in the court was sufficient evidence for the court to find that the note had been placed in the hands of an attorney for collection, and to render judgment for the same.   It is claimed in the eleventh assignment of error that "the court erred in awarding plaintiff judgment against appellant for the sum of $66, for taxes paid by him, and erred in awarding foreclosure for such amount against lands in controversy."   Evidence of payment of the taxes by appellee, Prince, was introduced without objection on the part of appellant, and in the motion for new trial no complaint is made of this item being incorporated in the judgment.   It is too late to raise such an issue after reaching this court.   The statute is explicit that every motion for a new trial "shall be in writing and signed by the party or his attorney, and shall specify the grounds upon which it is founded; and no ground, other than those specified, shall be heard or considered."   Art. 1369, Sayles Stats.

The words of the statute are too plain to admit of argument.   It is doubtless true that appellant was not required to make a motion for a new trial, in order to appeal, but when she chose to do so, she was compelled to comply with the law governing new trials.   We have had no reason presented that would cause us to recede from the position taken by us in the case of Hammond v. Garcia, 25 S. W. Rep., 824.   Any other rule than that required by the statute would work great injustice not only to litigants but to the trial judge.

The twelfth assignment presents error in assessing the costs of Woodhull against appellant.   Woodhull was a nominal party to the suit.   He was the trustee in the mortgage and as such was made a party.   He had no interest whatever in the suit, made no defense, and all the costs were properly taxed against appellant and appellee, W. H. Bonnell.   No disclaimer was necessary or proper on his part, the petition showing fully his position in the case.

We are of opinion that the conclusions of fact of the trial judge

are sustained by the testimony, and that his conclusions of law are correct. The fact of the suretyship does not appear on the face of the promissory note, and the facts indicate that it was not known to the creditor at the time of the alleged extension, and this being true, the surety would not have been discharged had the extension been proved. Brandt on Suretyship, sec. 375.

If the fact of the suretyship had been shown to have been known to the creditor, then the evidence shows that there was no extension of the time of payment, and the surety could not therefore claim a discharge.

W. H. Bonnell, one of the defendants below, did not perfect an appeal to this court, but being included in the appeal bond as an appellee, has filed cross-assignments, directed to errors committed in favor of the other appellees.

He set up no defense in any way antagonistic to that of the appellant, and we doubt very much that he has any right to appear in this court by cross-assignments. The very name would carry with it the idea of presentation of errors committed in favor of the person making the assignments. However, the errors attempted to be assigned are disposed of with the assignments. We find no errors presented requiring a reversal, and the judgment is therefore affirmed.

*Affirmed.*

Delivered October 16, 1895.

ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—The propositions advanced under the eighth and ninth assignments of error have been decided adversely to appellant. Carter v. Connor, 60 Texas, 52; Jones v. Jones, 15 Texas, 143. The judgment is only against the community estate, so far as appellant is concerned, and we will not anticipate trouble that may attend the officer who is called upon to levy the execution under the judgment.

Appellant did not ask for any judgment over against her son and co-defendant, and is not in a position to complain that she did not get that relief in the lower court. The judgment in this case does not preclude a suit by the surety against the principal. The motion is overruled.

*Overruled.*

Delivered November 27, 1895.

Writ of error refused.