### TINCH v. FAIN–TOWNSEND CO.
No. 9852.

Court of Civil Appeals of Texas. Galveston.
April 1, 1933.

King, Wood & Morrow, of Houston, for appellant.

George T. Lee, of Dallas, for appellee.

PLEASANTS, Chief Justice.

The following statement of the nature and result of this suit is copied from appellant's brief:

"The suits forming the basis of this appeal, and which were consolidated for the purpose of trial, were instituted by the Fain-Townsend Company and against J. S. Golson and wife, Mildred R. Golson, and Vivian O. Tinch, individually and as guardian of the Estate of Lottie Almeda Weeks, the plaintiff seeking to recover the amount of the principal and interest due and owing on six paving assessment certificates, Nos. 386, 387, 388, 716, 717, and 718, Certificates Nos. 386 and 388 being for the sum of $500.00 each, No. 387 being for the sum of $487.50, Nos. 716 and 718 being for the sum of $650.00 each, and No. 717 being for the sum of $633.75, all issued by the City of West University Place, Texas, to Scott Shambaugh, and endorsed by the latter to Fain-Townsend Company, and all being secured by a purported assessment lien created by an ordinance of the City of West University Place and covering, collectively, Block 81 in the Second Addition to West University Place, the plaintiff below seeking to recover of and from the defendants, J. S. Golson and Mildred R. Golson the amount of principal, interest, and attorney's fees claimed to be due on said certificates, and to have judgment entered in their favor as against all of the defendants for a foreclosure of the purported assessment lien upon said property.

"The defendant, Vivian O. Tinch, individually and as guardian of the estate of Lottie Almeda Weeks, in defense of said actions, alleged that the defendant Lottie Almeda Weeks was a minor and that she was guardian of the minor's estate; that on February 10, 1928, the estate of the minor consisted of $5,200.00 in cash. That on that date and under an order of the probate court she made a loan of $5,000.00 in cash upon the security afforded by the land and premises upon which the plaintiff sought to foreclose its purported lien; that on such date the minor, acting through her as guardian, purchased from one K. P. Chinn, a promissory vendor's lien note of that date, being for the sum of $5,000.00, executed by J. Slayden Golson and wife, Mildred R. Golson, and being due and payable to K. P. Chinn or order five years after date, and being secured by a vendor's lien and deed of trust lien upon the land and premises above mentioned, such liens being transferred and assigned by the said K. P. Chinn to the minor defendant on the 10th day of February, 1929, as security for the payment of the above mentioned note, such liens being in full force and effect and constituting a valid and subsisting lien upon the property mentioned at the time of and long prior to the attempted fixing of the assessment lien sought to be foreclosed by the plaintiff. That at the time of the passing of the ordinances by the City of West University Place attempting to fix upon the land in controversy an assessment lien for the purpose of securing the payment of the assessment certificates sued on by the plaintiff, the said Lottie Almeda Weeks was, as she still was at the time of the trial, a minor, and held a valid and subsisting first lien and mortgage upon the land involved securing the payment of the $5,000.00 note mentioned, and that because of her estate in said land, consisting of the lien and mortgage thereon held by her, and because of her minority, the liens mentioned were first and superior to the assessment lien which the City of West University Place sought to fix on said property, in that the constitution of the State of Texas specifically provides that no local or special law shall be passed affecting the estates of minors or persons under disability, and in that the ordinance or ordinances of the City of West University Place, a municipal corporation, by virtue of which there was sought to be created and fixed against said land an assessment lien prior and superior to the liens held by such minor, constituted and were such local or special laws as were condemned by the constitution of the State of Texas, and were, in so far as said minor's rights were concerned, unconstitutional and void. That on the 29th day of December, 1930, the minor defendant foreclosed her liens on said land, which was then sold under execution, and was bought in by said minor at such sale, a deed covering the property being executed and delivered to her by the proper officer. That at the time of the foreclosure and sale the amount due and owing the minor defendant on the indebtedness held by her, principal, interest, and attorney's fees, amounted to $6,909.94. The minor defendant and her guardian prayed for judgment that the plaintiff recover nothing as against them, and that the minor defendant be quieted in her title to the land, and that the purported lien of the plaintiff be declared void; and in the alternative that they have judgment declar-

ing the purported lien of the plaintiff second and inferior to the lien held by the minor defendant securing the payment of the amount loaned by the minor on such property, and that in event the plaintiff was granted a foreclosure of its lien, then that it be decreed that upon a sale of the property there be first paid to the minor defendant the amount of her loan on the property, with interest and attorney's fees thereon, up until the date of such sale, the balance of the proceeds of such sale to go to the plaintiff.

"The plaintiff below filed first supplemental petitions in each of the causes consisting of a general demurrer, special exceptions, general denial and special denial that the assessment liens involved in the suit were created in violation of the provisions of the constitution of the State of Texas."

The foregoing statement is accepted by appellee as sufficiently full and accurate.

The trial in the court below without a jury resulted in a judgment in favor of plaintiff against the defendants Golson and wife for the principal and interest due on the certificates, and an additional sum of $800 as attorney's fees, and against all of the defendants for foreclosure of the paving assessment liens on the property in controversy, which was ordered to be sold in satisfaction of the judgment.

Appellant assails this judgment on two grounds.

■ The first assignment complains of the judgment against defendant for $800 attorney's fees, because there is no evidence showing that the certificates upon which the suit is brought were placed in the hands of an attorney for collection, or that the services of an attorney and the bringing of this suit were necessary in the collection of the amount due on the certificates, and that there is no evidence showing that appellee agreed to pay his attorney for his services in prosecuting the suit, nor any evidence showing what services the attorney had rendered.

There is no merit in this complaint. The record shows that the suits, which were consolidated and tried as one, were brought by the attorney who represented the appellee on the trial in the court below, and by brief in this court. He had in his possession and introduced in evidence on the trial the paving certificates upon which the suits were brought. These certificates provide for the payment "of reasonable attorney's fees—if incurred" in their collection. The record further shows that default had been made in the payment of the certificates and necessity of the suits to enforce their collection. We do not think on the face of this record it can be reasonably contended that the collection of the certificates did not require that the suits be brought, or that it was not shown that appellee had placed the certificates in the hands of the attorney who represented it on the trial, and agreed to pay him for his services. The amount due upon the certificates, principal and interest, was more than $4,000. Two attorneys, qualified to testify as to the reasonable value of the professional services of appellee's attorney, fixed the value of such services at a larger amount than that fixed by the trial court in the judgment.

■ One of these witnesses testified that a reasonable fee for bringing the suit and representing appellee in the district court was $750, and, if the case should be appealed, a further fee of $250 for taking the case to the Court of Appeals, and, if the case went to the Supreme Court, an additional fee of $150. The other witness testified that a reasonable fee for bringing these suits for $4,000, in which constitutional questions were involved would be 20 per cent. of the amount involved, which would amount to $750 or $800. This was all the testimony on this issue. The trial court adjudged that a reasonable fee for bringing the suits and representing the appellee on the trial in the district court was $600, and, if the case was taken to the Court of Appeals and the Supreme Court a further fee of $100 for representing appellee in each of these courts would be reasonable. The judgment protects appellant from the payment of each of the additional fees if the case is not appealed to the Court of Appeals or to the Supreme Court.

We think it well settled that the evidence before set out was amply sufficient to sustain the judgment of the trial court for the amount of attorney's fees allowed by the judgment.

■ The information which the judge necessarily obtained in the trial of the case as to the character and reasonable value of the services of appellee's attorney, together with the judge's experience as a lawyer and a judge, was properly considered by him in arriving at the amount to be allowed the attorney.

■ It has been expressly held that the provision in the notes that reasonable attorney's fees should be paid "if incurred" was a sufficient statement of the contingency on which attorney's fees would become due. Schutze v. Dabney (Tex. Civ. App.) 204 S. W. 342, 344; Bonnell v. Prince, 11 Tex. Civ. App. 399, 32 S. W. 855, 857.

■■ Appellant's second proposition, under which it is contended that the lien fixed by paving ordinance upon the property upon which appellant held a vendor's lien is void, is because the statute and ordinance under which the lien was created was void because prohibited by section 56, art. 3, of the Texas Constitution, which provides: "The Legislature shall not, except as otherwise provided

in this Constitution, pass any local or special law * * * affecting the estates of minors, or persons under disability."

We think it clear that the statute (article 1105b, Vernon's Ann. Civ. St.) under which the ordinance was passed is not a local or special law, since it relates not to any particular town or city, but to all towns and cities of a specified class, and the ordinance under which appellee's.lien was created was a valid exercise by the city of West University Place of a power granted by such general statute. Anderson v. Brandon (Tex. Sup.) 47 S.W.(2d) 261, 263.

These conclusions require an affirmance of the judgment, and it has been so ordered.

Affirmed.