**TEMPLE NAT. BANK. v. BLACK-BURN et al.**

No. 9911.

Court of Civil Appeals of Texas. Austin.

Nov. 15, 1950.

Rehearing Denied in part Dec. 13, 1950.

Cox, Brown & Daniel and John B. Daniel, Jr., all of Temple, for appellant.

Andress & Ramsey and Wm. Andress, Jr., Dallas, for appellees.

GRAY, Justice.

This is the second appeal of this cause, see Blackburn v. Temple National Bank, 216 S.W.2d 233, Er.Ref.N.R.E. Although the cause of action declared on by appellant is the same as on the former appeal, we here make a statement of all facts necessary for an understanding of the points here presented and decided.

On March 5, 1946, Roy Blackburn and wife executed their note for $10,864, payable to J. F. Hudson, or order, on or before 90 days after date, bearing interest from maturity at 6% per annum, providing for the usual contingent 10% attorney's fee, and reciting it was given in full payment for construction of improvements on Lot 14 of Block 1 of the J. K. Campbell Addition to the City of Temple, Texas. Of even date with the note Roy Blackburn and wife entered into a mechanic's and materialman's lien contract with J. F. Hudson, as contractor, for the construction of named improvements on the above lot. On May 4, 1946, Hudson (to secure advancements to be made to him) executed a collateral agreement in favor of appellant and assigned to appellant the above described Hudson note and lien, together with another note for $7,895.50, executed by S. R. Kocurek and wife, payable to the order of J. F. Hudson, and secured by a mechanic's and material man's lien on property in Temple. The maturity date of this note is not shown.

At the time of the execution of the collateral agreement (May 4, 1946) appellant advanced to Hudson $2,000, for which appellant took his note, due on demand, bearing interest from date at the rate of 8% per annum, and providing for the usual

contingent 10% attorney's fee if not paid at maturity and if placed in the hands of an attorney for collection, or if suit is brought on the same, or if collected through the probate or bankrupt court. After maturity of appellees' note to Hudson, and on June 13, 1946, and July 8, 1946, each respectively, appellant advanced to Hudson $2,500, for which sums Hudson executed his notes which, except as to the amounts of principal and the dates, were similar to the note for $2,000.

J. F. Hudson died July 12, 1946, and had on deposit with appellant $1,212.66, which sum was on July 24, 1946, credited on the above described $2,000 note.

About February 28, 1949, appellant made a settlement of the Kocurek note for $995.09, which sum appellant, without instructions, applied on the last given Hudson note.

Upon the trial the trial court credited the $995.09 Kocurek collection on the $2,000 note as of February 28, 1949, found that as of that date there was unpaid on said $2,000 note (principal, interest and attorney's fees) the sum of $1,087.17, which, after application of the Kocurek collection, left a balance due of $91.08, for which amount and interest judgment was rendered for appellant, together with a foreclosure of a lien to that extent on Lot 4 of Block 1, Campbell Addition to the City of Temple.

Appellant here complains that the trial court erred in refusing to allow it to credit the Kocurek collection on the note of J. F. Hudson last maturing. And appellees have cross-assigned error to the action of the trial court in allowing a recovery of attorney's fees on the Hudson note.

There is nothing in the record to show that the sufficiency of appellant's pleadings was challenged, and all facts material to the above points are by stipulation of the parties. The parties stipulated to the effect that appellant received from Kocurek, for its own use and benefit, $995.09, in full settlement of the Kocurek note, and that this sum was applied, without instructions, on the note of Hudson last maturing. The record does not reflect the extent, if any, that appellant was an innocent holder of the Kocurek note.

The general rule is that a creditor may make application of payments when the debtor fails to direct their application, but the rule is subject to exceptions, one of which exceptions is where superior equities of third parties intervene. Dunn v. Second National Bank of Houston, 131 Tex. 198, 113 S.W.2d 165, 115 A.L.R. 730; N. O. Nelson Mfg. Co. v. Wallace, Tex. Civ.App., 66 S.W.2d 505, Er.Ref.

Hudson had no opportunity to direct application of the Kocurek payment, and in order for equity to intervene in favor of third persons there must, of course, exist some equity in their favor sufficient to direct application of the payment to their benefit.

The pledged Kocurek note and lien secured Hudson's note to appellant, and the only relation it had to appellees' note was that the two notes were pledged as security for advancements to Hudson. It in no wise increased or diminished appellees' liability to Hudson or his assignee who holds appellees' note as an innocent holder to the extent of $2,000, and to that extent appellees' liability to appellant is secured by a lien. Under such circumstances we do not think equity would direct appellant to apply the Kocurek collection to the discharge of the lien rather than the unsecured portion of Hudson's indebtedness to appellant. Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corp., Tex.Civ.App., 165 S.W.2d 221, Er.Ref.W.M.

The $2,000 note provided for 10% additional on the amount of principal and interest due as attorney's fees, if placed in the hands of an attorney for collection. For which reason we think the trial court did not err in allowing such fees. Bruyere v. Liberty National Bank of Waco, Tex. Civ.App., 262 S.W. 844.

For the reasons stated we think the trial court erred in applying the Kocurek $995.09 collection to the unpaid balance of the $2,000 Hudson note, and for which reason the judgment is reversed and judgment is here rendered that the same be applied to the

note of Hudson last maturing, as the same was applied by appellant, and that appellant recover judgment against appellees for the sum of $987.47, with interest thereon from February 28, 1949, at the rate of 8% per annum, together with 10% attorney's fees on the amount of principal and interest due. And that it have a foreclosure of its lien to that extent on Lot 14 in Block 1 of J. K. Campbell Addition to the City of Temple.

Reversed and rendered.

On Appellees' Motion for Rehearing.

Appellees complain that we erred in our original opinion in concluding that Hudson made no direction as to the application of the Kocurek payment, and further says our findings of fact are not sufficient relative to that part of the $2,000 note (being Exhibit 4), providing: "The holder hereof is hereby authorized and directed at any time after maturity hereof, to apply any funds, property, or other thing of value in the possession of the holder for the credit or account of any of the parties liable hereon, to the payment and satisfaction of this note and all legal charges thereon, and to sell any and all collaterals or property pledged to secure the payment of this note, whether enumerated herein or not, at public or private sale, with or without notice (and the holder may become the purchaser at such sale), and apply the proceeds of such sale first to the cost and expense, second, to this debt and all legal charges thereon, and the surplus, if any, to the maker hereof."

As stated, all material facts were by stipulation of the parties. Stipulations 5 and 6 are:

"5.. On June 13, 1946, the bank advanced Hudson an additional sum of Twenty-five Hundred Dollars evidenced by a note similar to Exhibit Number 4.

"6. On July 8, 1946, the bank advanced Hudson an additional sum of Twenty-five Hundred Dollars evidenced by a note similar to Exhibit Number 4."

The notes dated June 13, 1946, and July 8, 1946, are shown by these stipulations to have contained the same, or similar, provisions as the $2,000 note above quoted. Further, the collateral agreement executed by Hudson provided that any and all securities pledged " * * * may be held by said Bank as security for any and all debts and obligations of any or all of undersigned to said Bank for the payment of money, whether such debts, liabilities and obligations now exist or are hereafter incurred or arise * * *."

"That, upon failure to keep and perform any agreement herein contained, said Bank is authorized and empowered without either demand, advertisement, or notice of any kind, to sell at public or private sale, the whole or any part of the securities then held by it in pledge hereunder; * * *

" * * * Sale of part of securities held in pledge hereunder shall not exhaust this power of sale, but sales may be made from time to time until all securities are sold, or debts and liabilities hereby secured paid in full. Said Bank shall receive the proceeds of such sale or sales, which shall be paid and accredited on said debts and liabilities then secured hereby, said Bank to have option of *duplication* thereof. * * *"

We need not here labor the meaning of the word "duplication" used in the collateral agreement, because it was impossible for the Bank to comply with the provisions as to application of payments contained in each of the three notes until a sum sufficient to pay all of them came into the Bank's hands.

We therefore find that Hudson having died prior to the time the Kocurek payment was made, not only had no opportunity to direct application of the payment, but that no direction of the application of the payment was made by him, or in his behalf.

Appellees also request additional findings relative to the provision for attorney's fees provided for in the $2,000 note. This note contained the following provision: " * * * If this note is not paid at maturity, the undersigned agree to pay ten per cent additional on the amount of principal and interest then due as attorney's fees, if placed in the hands of an attorney for collection, or if suit be brought on the same, or if collected through the Probate or Bankrupt Court."

466

■ Appellant's suit was against appellees for recovery on their note to Hudson and pledged by him to appellant as security, appellant's recovery being limited to such extent as appellant was an innocent holder for value, which was shown to be to the extent of the $2,000 note. The attorney's fees were a part of that note, Rychener v. McGuire, Tex.Civ.App., 66 S.W.2d 413, and were secured by appellees' note.

■ The note was not paid at maturity and was in the hands of appellant's attorneys who introduced it in evidence. These facts, in our opinion, are sufficient to show the note was placed in the hands of an attorney for collection. Lanier v. Jones, 104 Tex. 247, 136 S.W. 255; Bonnell v. Prince, 11 Tex.Civ.App. 399, 32 S.W. 855, Er.Dis. 89 Tex. 104, 33 S.W. 852; Tinch v. Fain-Townsend Co., Tex.Civ.App., 59 S.W.2d 299; 6 Tex.Jur., p. 1028, Sec. 330.

We therefore find the attorney's fees on the $2,000 note had accrued.

Appellees' motion for rehearing is granted to the extent that requests for additional findings be made, and in all other respects the same is overruled.

Granted in part and in part overruled.