**Barney FISHER, Appellant,**

**v.**

**Gilbert P. HOWARD, Appellee.**

**No. 16475.**

Court of Civil Appeals of Texas.

Dallas.

April 2, 1965.

Donald G. Gay, Dallas, for appellant.

Gilbert P. Howard and E. L. Markham, Jr., Dallas, for appellee.

DIXON, Chief Justice.

Appellee Gilbert Howard filed suit and obtained a summary judgment against appellant Barney Fisher for debt and for foreclosure of an attachment lien, the debt being evidenced by a promissory note.

In addition to his answer appellant had filed a cross-action in which he asked judgment against appellee for $15,000 actual damages and $35,000 exemplary damages for alleged wrongful attachment. Neither pleading is verified.

The court upon motion of appellee severed appellee's suit and appellant's cross-action, then sustained a motion for summary judgment filed by appellee in his suit and rendered judgment in favor of appellee for $7,019.99, being principal, accrued interest and attorney's fee, and for foreclosure of the attachment lien. Only the judgment in favor of appellee on appellant's note and the foreclosure of the attachment lien are involved in this appeal.

The promissory note which is the basis of appellee's suit and judgment is dated February 25, 1964, payable on demand in the principal sum of $6,300.

In his first two points on appeal appellant contends that the record presents genuine issues of fact (1) as to whether the note was due, and (2) as to whether the note was procured by false representations upon which appellant relied with reference to the due date of such note.

In his counter-affidavit appellant makes these allegations:

"Contemporaneously with the signing of such note and as a part of the same transaction I signed a check in the amount of $3,000.00 payable to Gilbert P. Howard and we agreed that such

check when cashed would be credited upon said note as the first payment thereon. We further agreed that such check would not be cashed or presented to the bank for payment until I completed a loan or financing upon certain interests in oil and gas leases owned by me. We further agreed that I was to call Gilbert P. Howard when such financing was completed and that he was to then present the check to the bank for payment. Such financing has not yet been completed and the first payment upon such note is not yet due.

"As a part of the same transaction the said Gilbert P. Howard represented to this affiant that such note was not due at any particular time and this affiant in reliance upon such representation and in reliance upon the agreement of the said Gilbert P. Howard that such check would not be presented for payment until after this affiant's bank financing was completed this affiant signed and delivered said note and check."

We have concluded that appellant does not by his counter-affidavit raise material defensive fact issues to appellee's suit.

The promissory note which is the basis of appellee's suit is regular on its face, is unambiguous in its terms and is an unconditional promise to pay on demand.

Appellant contends that the parol evidence rule is not applicable in this case for two reasons: (1) the agreement of the parties is evidenced by two writings, the note and the check for $3,000 and parol testimony is admissible to show the connection between the two writings; and (2) execution of the note was induced by false representations of appellee. We see no merit in either contention.

In his affidavit in reply to appellee's motion and affidavit appellant does not deny that he signed the note, or that he owes the amount of money named in the note. In fact, he admits that he signed and delivered

the note and that he owes appellee the amount of money named in it. He even alleges that he is trying to borrow the money to pay appellee. But he claims that the note is not yet due.

In effect appellant seeks to vary the terms of the note by showing that the unambiguous terms of the instrument do not express the true agreement of the parties *as to payment*. Such an attempt to vary the terms of the note will not defeat a summary judgment. In Helmke v. Prasifka, Tex.Civ.App., 17 S.W.2d 463 it is held that there is a distinction between a parol condition affecting the delivery of a written obligation and one affecting its payment. A parol agreement affecting delivery of a negotiable instrument is enforceable by virtue of the Negotiable Instruments Act, Sec. 16, Art. 5932, Vernon's Ann.Civ.St.; whereas a parol condition affecting payment of a delivered instrument is not enforceable if it operates to add to, take from, or vary the terms of the written agreement. In approving this holding our Supreme Court in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, has said that when facts entitling the moving party to prevail have been established, a motion for summary judgment will not be denied because a party has merely *alleged* matters which if proved would require that a different judgment be rendered, citing Gulf C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492.

It is true that sometimes the terms of a contract are spread over several different writings, and parol evidence is admitted to explain their relationship to each other. But that rule is not applicable here. Under the parol evidence rule extrinsic evidence is excluded whether such extrinsic evidence be oral or written, as is the check for $3,000 which appellant claims opens the door to evidence contradicting the terms of the promissory note. This phase of the parol evidence rule is discussed by our Supreme Court in Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30.

In the case now before us the note constitutes the agreement and obligation of the maker to pay. The check, which so far as the record shows is an unconditional order for payment at once, is simply one of the means or mechanics in accomplishing payment. It is not to be used in this case to contradict the payment provisions of the note.

Appellant points out that there was no presentment of the instrument for payment. Whether there was a presentment is immaterial here for two reasons: (1) presentment of a demand note is not necessary, Art. 5937, Sec. 70, V.A.C.S., 9 Tex. Jur.2d 188, 197, 251; and (2) by the express terms of the note appellant waived presentment.

In his affidavit appellant further asserts that he and appellee entered into an agreement contemporaneous with the signing of the note to the effect that the check he gave to appellee would not be presented for payment and the first payment on the note would not become due until appellant completed a loan on certain oil and gas leases. Such a defense is not tenable. If extrinsic or parol evidence were admissible to prove such an agreement the note might never become due, for appellant could decide not to complete the loan, or might find it impossible to do so, hence appellant might never become liable for payment. Thus an unambiguous and absolute written obligation to pay would be changed into no obligation at all on the part of the maker. The law is that a negotiable instrument, clear and express in its terms, cannot be varied by parol agreements or representations of the payee that the maker will not be liable. Roseborough v. Phillips, Tex.Civ.App., 389 S.W.2d 593; Bohannon v. Franklin Nat'l Bank of Long Island, Tex.Civ.App., 387 S. W.2d 699; Kane v. Union State Bank, Tex. Civ.App., 384 S.W.2d 358, 361; Johnson v. Packaging Corp. of America, Tex.Civ.App., 375 S.W.2d 780, 782; Dewey v. C. I. T. Corp., Tex.Civ.App., 374 S.W.2d 298; Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900.

In the face of the undisputed facts presented by the record we cannot agree that appellant's affidavit that appellee represented "that such note was not due at any particular date" raised a fact issue of fraud which defeats appellee's summary judgment.

Strictly speaking, the note in fact does not designate any calendar date on which it was to become due, but as a matter of law a demand note is due, though not past due, the moment it is signed and delivered. 9 Tex.Jur.2d 70, 188, 197, 251.

Appellant relies on the rule that where one party has a fiduciary relationship to another, or is in possession of superior knowledge, his statement of a legal conclusion or opinion may constitute actionable fraud. That rule is not applicable here. Such defense must be affirmatively pled and supported by evidence to make out a fact issue. Though appellee is shown to be an attorney-at-law there is no showing whatever that he occupied a fiduciary relationship to appellant, or that appellant had any less knowledge of the matter than appellee.

Among the cases cited by appellant is Altgelt v. Gerbic, Tex.Civ.App., 149 S.W. 233. The case is not in point for in it a relation of trust and confidence between the parties was shown by the record. Gerbic executed a lease as tenant; the landlord was an attorney; Gerbic told the attorney-landlord that he could not very well understand or read the English language and was not familiar with the city ordinances in regard to the operation of meat markets; he sought the professional advice of the attorney-landlord and said he would trust the attorney-landlord in regard to his right to operate a meat market on the premises. He was advised that there would be no legal interference with his operation of a meat market. The truth was that an ordinance of the City of San Antonio forbade the op-

eration of a meat market at that location. The court held that the representations of the attorney constituted fraud. We agree. But no such situation is presented in the instant case.

In this case, as we have pointed out, appellant does not attempt to repudiate the debt, or deny the validity of the note because of the alleged misrepresentation. He admits he owes the money. His liability does not depend on the happening of any future event. He simply wants to choose his own time and manner of payment: he says he will start paying when he completes his financing and so informs appellee.

He says himself that the alleged misrepresentation was part of a contemporaneous oral transaction. But that transaction had no separate consideration to support it, and was a transaction on which as a matter of law he had no right to rely.

Furthermore, appellant's claim that he relied on appellee's representation is destroyed by the very defense he urges. In substance his only defense is that by agreement the note would become due on the particular date (not a designated calendar date) when he completed his financing and so informed appellee.

Appellant's first two points are overruled.

 In his third point appellant contends that the court erred in denying his plea to quash the attachment sued out by appellee because the property descriptions in the officer's return and the judgment are not sufficient as a matter of law.

The challenged descriptions are quite lengthy and we shall not copy them here. They name certain oil and gas leases in which appellant owns interests, giving the dates, names, surveys and locations of said leases and in some instances referring to recorded instruments for further descriptions.

Appellee says that appellant did not file a motion to quash the attachment. In paragraph No. IV of his amended answer appellant alleges that the attachment should be quashed and he prays that it be quashed. But he does not allege that the property descriptions are insufficient. The only grounds he alleges are that appellee's affidavit is false because appellant does not intend to convert his property into money to defraud his creditors.

Appellant's motion is really a plea to the merits and does not bring into question any intrinsic defect in the attachment proceedings. Minnehoma Financial Co. v. Johnson, 152 Tex. 386, 258 S.W.2d 78; Ramsey v. Gardner, 154 Tex. 457, 279 S. W.2d 584.

Furthermore, the descriptions in question are sufficient to furnish the means of identification. That is the function in a deed and the same rule applies to oil and gas leases. 42 Tex.Jur.2d 289; 19 Tex.Jur.2d 423, 424. Appellant's third point is overruled.

 In his fourth point appellant attacks the allowance of an attorney's fee on the ground that the pleadings show that appellee acted as attorney for himself.

At the end of his petition and his motion for summary judgment appellee's name is typewritten along with that of E. L. Markham, Jr. as attorneys for plaintiff. Appellee did not sign the pleadings or the motion. They were signed by E. L. Markham, Jr. Appellee in his affidavit says that he was named as one of plaintiff's attorneys in order that there be no question as to his being informed of any and all notices and developments in said suit.

Appellee further states in his affidavit that upon appellant's failure and refusal to pay the note he placed the instrument in the hands of E. L. Markham, Jr., an attorney, for collection and agreed to pay him the 10 per cent attorney's fees provided in the note.

We are of the opinion that the court properly allowed 10 per cent attorney's fees.

**488**

The appearance of Markham as attorney for appellee is sufficient evidence that the note was placed in his hands for collection. Temple Nat'l Bank v. Blackburn, Tex.Civ. App., 235 S.W.2d 462; Bonnell v. Prince, 11 Tex.Civ.App. 399, 32 S.W. 855.

Neither in his answer nor his affidavit does appellant attack the reasonableness of the amount of the attorney's fees. In his brief he cites us to 6 Tex.Jur. 1025 (9 Tex. Jur.2d 365) as authority that the reasonableness of the amount of attorney's fees is a fact question. The statement is no doubt correct when the reasonableness is put in issue by way of affirmative defense. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; 6 Tex.Jur. 1024–1025. See also 9 Tex.Jur. 2d 365. No such defense was interposed by appellant in this case.

 Appellant also asserts that cases dealing with the fixing of attorneys' fees by the trial judge when acting as the trier of facts have no application to a summary judgment proceeding. Himes v. American Home Fence Co., Tex., 379 S.W.2d 290. However, we are not concerned here with a case where the trial judge was called on to fix the amount of the attorney's fee. Here the parties themselves fixed the amount by contract as shown on the face of the note. The applicable rule here is that stated in Kuper v. Schmidt, supra. Appellant's fourth point is overruled.

The substance of appellant's fifth point is that the court abused its discretion in ordering a severance of his cross-action. We cannot agree. Appellant apparently bases his contention on two grounds: (1) his cross-action was in the nature of a compulsory counterclaim, therefore could not be severed; and (2) no written motion to sever was filed.

We see no merit in either ground. A separate action may be maintained for wrongful sequestration and we believe the same rule applies to wrongful attachment. Capetillo v. Burress & Rogers et al., Tex.Civ.App., 203 S.W.2d 953;

6 Tex.Jur.2d 648; 6 Tex.Jur.2d 661. Therefore it was not error for the court in the exercise of its discretion to order severance of appellee's suit on the note and foreclosure from appellant's suit for damages for wrongful attachment. Permian Mud Service, Inc. et al. v. Sipes, Tex.Civ.App., 339 S.W.2d 81; Moore v. Mathis, Tex.Civ.App., 369 S.W.2d 450, 453; Rules 41, 174(b), Texas Rules of Civil Procedure.

The transcript contains no copy of a motion for severance, but the court's judgment contains this recital, "And it further appearing to the Court on hearing of Plaintiff's Motion for Severance * * *." Anyway the court had authority to sever the causes of action on its own initiative. Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.